Larry CHILSTROM, Plaintiff
and Respondent,

v.

STATE of South Dakota, DEPARTMENT
OF TRANSPORTATION, DIVISION OF
HIGHWAYS, Defendant and Appellant.

No. 12354.

Supreme Court of South Dakota.

Oct. 26, 1978.

Larry Chilstrom, pro se.

Camron D. Hoseck, Asst. Atty. Gen., Pierre, for defendant and appellant; Wil-

liam J. Janklow, Atty. Gen., Carl W. Quist, Asst. Atty. Gen., Pierre, on the brief.

MORGAN, Justice (on reassignment).

This is an appeal from a circuit court decision affirming the decision of the Personnel Policy Board (Board) requiring the Department of Transportation (Department) to grant back pay to respondent for a six-week period wherein he had performed work which would entitle him to a higher employee classification and consequently, a higher salary. We affirm.

Respondent, Larry Chilstrom, is employed by the Department's Division of Highways. He is classified as a Highway Field Technician IV. Respondent filed a grievance with the Board alleging (1) that he was doing work equal to that of an Engineering Assistant I, and (2) that he was therefore entitled to receive an increased salary.

In their findings of fact and conclusions of law, the Board found that respondent had, for a six-week period, been performing work for which he deserved to be classified as an Engineering Assistant I and that he was entitled to the additional salary commensurate with that position for that six-week period. The Board refused, however, to permanently reclassify respondent as an Engineering Assistant I.

The Department, pursuant to SDCL 3–6A–38 and SDCL 1–26, appealed the decision of the Board to the Circuit Court, Sixth Judicial Circuit, alleging:

(1) That there was no authority for the Board to make a binding order for the retroactive payment of a pay increase from dedicated highway funds;

(2) That the Board exceeded its statutory authority in ordering a retroactive pay raise to the grievant and therefore acted in excess of its authority;

(3) That the decision of the Board was made upon unlawful procedure or affected by other error of law in that claims against the state of South Da-

kota must be submitted in compliance with SDCL 21–32 et seq.;

(4) That the decision of the Board was not supported by substantial evidence.

The circuit court found in favor of respondent on all points and the Department now appeals that decision to this court. Appellant's contentions on this appeal will be stated below and dealt with individually.

Appellant first contends that the Board does not have the authority to order the expenditure of dedicated highway funds. This contention raises two separate questions. First, whether the Board has the authority to order the expenditure of Department funds for compensation of an employee, and second, whether the unique nature of those funds, i. e. dedicated highway funds under Article XI, § 8 of the South Dakota Constitution, makes the Board's order unconstitutional and therefore void.

Concerning the first question, appellant argues three points: (1) That SDCL 3–6A–37 specifically designates the Board as a "grievance review board" only; (2) that SDCL 31–2–16 authorizes the Department "to appoint a suitable number of engineering assistants and . . . other technical assistants . . . and *shall fix their compensation*" (emphasis supplied); and (3) that the Board has no specific grant of power to grant back pay.

■ With respect to the first point, appellant is correct in stating that the Board is statutorily designated to serve as a "grievance review board." Appellant's argument, however, that the Board's only function is to serve as a "grievance review board" is totally without merit. It is clear that the power and duty placed in the Board in SDCL 3–6A–37 is not the sole power or duty that the Board has. There are at least twenty other sections in SDCL 3–6A which vest various powers and duties in the Board or the Personnel Commissioner. It is obvious from examining Chapter 23 of the 1973 Session Laws and SDCL 3–6A that the legislature fully intended

that the Board have the power and authority to act as it did in this matter.[1]

■ Appellant's second point in its contention that the Board lacked the authority to act as it did focuses on SDCL 31–2–16.[2] Appellant argues that the phrase "and shall fix their compensation" supersedes the Board's authority as a "grievance review board." However, as we have pointed out, the Board's authority exceeds that of simply a "grievance review board." We would also point out that Sections 5 and 6 of Chapter 23 of the 1973 Session Laws[3] vest the sole control of Personnel Affairs as provided in the remainder of the Act in the Bureau of Personnel. Thus, the phrase "and shall fix their compensation" in SDCL 31–2–16, which has been a portion of that statute since its adoption in 1919, does not empower the Department to govern itself as to matters of personnel compensation.[4]

■ Appellant's third point relating to its contention that the Board lacked authority to act as it did is that the Board does not have specific statutory authority to grant back pay.

The trial court, in its memorandum decision, stated:

It is well settled that statutes should be fairly interpreted to carry out legislative intent, and that agency powers may be

---

1.        *     *     *     *     *     *

Section 2. The purpose of this Act is to establish a system of career service personnel management for the executive branch of state government based on merit principles and scientific methods governing the appointment, promotion, compensation, removal, transfer, and other matters related to personnel management. (codified in SDCL 3–6A–1)

Section 3. This Act shall apply to all positions in the executive branch of state government except:

(None of the exceptions include, or apply to, the Department of Transportation) (codified in SDCL 3–6A–13)

*     *     *     *     *     *

Section 5. There is hereby established the bureau of personnel as a division within the office of executive management created pursuant to Executive Order No. 73–1 as the only rule making and administrative authority in the area of personnel management for the executive branch of state government. The bureau shall consist of the personnel policy board, the commissioner of personnel and the employees thereof.

Section 6. Pursuant to the Executive Order No. 73–1, there shall be a transfer of rule making, program development, administrative functions, and resources, all in the area of personnel management, from the following agencies to the bureau of personnel:

(1) merit system council
(2) board of charities and corrections
(3) board of regents
(4) state board of finance
(5) public employees retirement board, and
(6) all other state departments, divisions, boards and commissions of the executive branch.

*     *     *     *     *     *

Section 13. All personnel management actions taken under the provisions of this Act shall be made in compliance with merit standards as follows:

*     *     *     *     *     *

(2) Providing equitable and adequate compensation;

*     *     *     *     *     *

Section 15. The personnel policy board shall have authority, pursuant to chapter 1–26, to adopt:

*     *     *     *     *     *

(3) Rules for a position classification system for all positions in the career service, based upon similarity of duties performed and responsibilities assumed, so that the same qualifications and pay may reasonably be required and established for positions allocated to the same class.

(4) Rules for a state-wide pay system which assures the principal of equal pay for equal work applying to positions existing in the career service.

*     *     *     *     *     *

Section 22. All state departments shall adhere to, and assist, the personnel commissioner in administering the provisions of this Act. Department secretaries shall be free to formulate department level rules within the limitations of those rules established by the board. Said rules shall be reviewed and approved by the personnel commissioner prior to implementation.

2. SDCL 31–2–16 provides:

The commission shall also appoint a suitable number of engineering assistants and such other technical assistants as the commission may from time to time require, and shall fix their compensation.

3. See footnote # 1.

4. Whatever reason the legislature had for not deleting the phrase is immaterial. The intent of the 1973 Act is clear.

reasonably implied. [The South Dakota Supreme Court] in *Board of Regents v. Carter*, S.D., 228 N.W.2d 621 (1975) held that 'a statutory grant of power includes the authority to employ the means necessary for the exercise of that power.' We agree with the trial court. Despite the fact that no specific authorization was given to the Board to grant back pay, it can be reasonably inferred from the legislative grant of power in Chapter 23 of 1973 Session Laws that the legislature fully intended to include the power to grant back pay.[5]

■ Having determined that the Personnel Policy Board would be authorized to order the expenditure of Department of Transportation funds for compensation of an employee, we turn to the question of whether the unique nature of those funds under Article XI, § 8 of the South Dakota Constitution makes the Board's order unconstitutional and therefore void.

Article XI, § 8 of the South Dakota Constitution provides:

No tax shall be levied except in pursuance of a law, which shall distinctly state the object of the same, to which the tax only shall be applied, and the proceeds from the imposition of any license, registration fee, or other charge with respect to the operation of any motor vehicle upon any public highways in this state and the proceeds from the imposition of any excise tax on gasoline or other liquid motor fuel except costs of administration and except the tax imposed upon gasoline or other liquid motor fuel not used to propel a motor vehicle over or upon public highways of this state shall be used exclusively for the maintenance, construction and supervision of highways and bridges of this state.

Appellant correctly contends that any expenditure or disbursement not in accordance with the "maintenance, construction and supervision" clause of this section would be unconstitutional. It is under this clause that the legislature annually authorizes the expenditure of funds from said highway funds to finance the operation of the Division of Highways. This includes the cost of acquiring and developing land for roads; acquiring and utilizing materials and equipment for building roads and maintaining and improving old roads; and salaries for the employees of the Division of Highways from the maintenance crews to the director of the division. All of these costs are considered, and properly so, as the costs of "maintenance, construction, and supervision of the highways and bridges of this state."

Appellant contends, however, that the action of the Board granting respondent back pay is an improper expenditure of dedicated highway funds. Appellant argues that the separate nature of those funds is well settled and that they cannot be diverted from the purposes enumerated under the Constitution. Appellant cites *White Eagle Oil and Refining Company v. Gunderson*, 48 S.D. 608, 205 N.W. 614 (1925), and *Griffis v. State*, 69 S.D. 439, 11 N.W.2d 138 (1943), to support its contention.

We disagree with appellant's contention and do not find *White Eagle* or *Griffis* to be on point. In *White Eagle*, the legislature had authorized the use of dedicated highway funds for investment in gasoline, oils, etc. for retail sale and in *Griffis*, an attempt was made to have the funds used to pay damages for a breach of contract. This court held that such uses of those funds were in violation of Article XI, § 8 of the South Dakota Constitution.

In the instant case, however, we do not have before us the expenditure of funds for an unconstitutional purpose. The funds are being expended for compensation of an employee of the Division of Highways for work performed for that division while in its employ. Compensation of employees is well within the constitutional limitations of "maintenance, construction and supervision" as contained in Article XI, § 8. The salaries of all employees of the Division of Highways are paid out of the dedicated highway funds as authorized each year by the legislature. That is all that is involved

5. See footnote # 1, specifically §§ 13(2) and 15(4).

in the present case. The Board simply ordered the expenditure of funds for the compensation of an employee for work performed. Clearly, such compensation is not an unconstitutional use.

We hold, therefore, that the Board's action in ordering the Department to grant back pay to the respondent for a period of six weeks in which he was performing work which would entitle him to a higher employee classification was well within their statutory authority and was not a violation of any constitutional provision.

■ Next, appellant contends that since respondent did not utilize SDCL 21–32, which is the statutory procedure set by the legislature for bringing a contractual claim against the state, respondent is not entitled to recover. The circuit court ruled that the procedure provided for in SDCL 3–6A is an alternative avenue for state employees to present claims against the state. We affirm the circuit court to the extent that, in the instance of a grievance due to a salary dispute or similar compensation disagreement, SDCL 3–6A is an alternate procedure which is available to state employees. We refrain from ruling as broadly as did the circuit court, because there may be instances where a state employee has a claim against the state in which SDCL 3–6A would not provide a proper remedy or procedure for said remedy. In the instant case, however, respondent's claim or grievance under SDCL 3–6A was proper.

Upon due consideration of appellant's remaining allegations of error, we find them to be without merit.

We affirm the decision of the circuit court affirming the Board's decision ordering the Department to grant back pay to respondent as discussed herein.

DUNN and ZASTROW, JJ., concur.

PORTER, J., concurs in result.

WOLLMAN, C. J., dissents.

WOLLMAN, Chief Justice (dissenting).

I would hold that the decision of the Personnel Policy Board is not supported by substantial evidence. SDCL 1–26–19 would seem to contemplate that in contested cases the witnesses who testify at a hearing before the Board would be placed under oath. See *Dail v. South Dakota Real Estate Comm'n*, S.D., 257 N.W.2d 709. This procedure was not followed in the instant case. Passing that irregularity, the testimony before the Board was so disjointed, interrupted, and inconclusive that I am unable to determine upon what basis the Board could have found support for its decision. Finally, some of the written exhibits defy deciphering. Certainly somewhere there must be extant the originals, or reasonably legible copies, of the documents that respondent introduced in support of his claim. It is asking too much to expect any reviewing tribunal to interpret that which it cannot read.