In the Matter of the Appeal of the Grievance of Max MILLER and the South Dakota Department of Social Services.

Nos. 12473, 12478.

Supreme Court of South Dakota.

Sept. 5, 1979.

Steve L. Jorgensen, Sioux Falls, for appellant and cross-respondent Miller.

Janice C. Godtland, Asst. Atty. Gen., Pierre, for respondent and cross-appellant Dept. of Social Services, William J. Janklow, Atty. Gen., Pierre, on the brief.

WOLLMAN, Chief Justice.

Appellant, an employee of the Department of Social Services (Department), was

demoted from his classification as Social Worker III to Social Worker I on January 21, 1977. Following his exhaustion of the grievance procedures adopted by the Department, appellant demanded a hearing before the Personnel Policy Board (Board) pursuant to SDCL 3–6A–38. Following a hearing, the Board entered findings of fact, conclusions of law, and decision restoring appellant to his Social Worker III classification, awarding him back pay lost during the period of his demotion, and ordering that all derogatory materials be removed from his file. The Department appealed the Board's decision to the circuit court pursuant to SDCL 3–6A–38 and SDCL 1–26. The circuit court held that the Board's decision to reinstate appellant to his former classification was arbitrary, capricious, and an abuse of discretion; that the Board's decision to remove all derogatory materials from appellant's file was unsupported by substantial evidence on the whole record; and that the Board had the authority to award back pay. In appeal #12473, appellant challenges that portion of the trial court's order reversing the decision of the Board. In appeal #12478, the Department appeals from that part of the trial court's order which in effect upheld the Board's award of back pay to appellant. We affirm in both appeals.

At the time of the hearing before the Board in May of 1977, appellant had been with the Department for some eleven years, during which period he earned a Master's Degree in Social Work.

The principal complaints concerning appellant's performance as a Social Worker III were his lack of good judgment, his inability to function well in crisis situations, his inability or unwillingness to develop therapeutic relationships with the persons assigned to his care and supervision, his lack of objectivity in handling adoption cases, and his propensity to engender antagonism on the part of those persons with whom he had professional contacts, including in at least one instance the circuit judge who was presiding over a termination of parental rights case involving children who were under appellant's supervision.

Testifying in support of the Department's demotion of appellant were appellant's immediate supervisor, two administrators, a co-employee, and a deputy state's attorney who had worked with appellant in presenting cases before the circuit court. These individuals testified concerning several specific cases in which appellant had manifested the shortcomings complained of. Appellant countered this testimony with his own testimony and that of a child psychologist. The latter, however, was not familiar with the specific cases that gave rise to the Department's complaints concerning appellant's performance as a social worker. The Board found that appellant had performed his responsibilities in a satisfactory and professional manner, that he had been competent and efficient in the performance of his duties, that he had conducted himself properly and had adequately performed his responsibilities in the handling of one of the principal cases that gave rise to the complaints against him, that he had exercised good judgment in working with his clients and had not been insensitive to their needs, and that appellant was not a serious morale problem in his unit. The Board concluded that good cause did not exist for appellant's demotion.

The circuit court ruled that in reviewing the decision of the Department the Board is bound to follow the same standards that circuit courts must adhere to in reviewing agency decisions under the provisions of SDCL 1–26–36. Although we conclude that there is no statutory authority to support this ruling, the circuit court's imposition of this overly circumscribed scope of review does not require us to reverse the circuit court's judgment. Our review of the Board's action is on the same footing as the circuit court's review. *Piper v. Neighborhood Youth Corps*, 241 N.W.2d 868 (S.D. 1976). Our review persuades us that the Board's findings, conclusions, and decision

are unsupported by substantial evidence on the whole record.*

█ The authoritative explanation of the scope of review under the substantial evidence test was set forth by this court in *City of Brookings v. Dept. of Environmental Protection*, 274 N.W.2d 887 (S.D. 1979). As we said in that case:

[W]e may not displace the Board's choice between conflicting inferences or conclusions, both of which have support in the evidence. We may, however, reverse findings that are not fairly supported by evidence in the record, when the record is considered as a whole.

274 N.W.2d at 890.

█ Much of the testimony before the Board concerned the attributes and skills that a Social Worker III must possess in order to competently and satisfactorily carry out the duties encompassed within that classification. Those attributes and skills are matters within the specialized professional training and knowledge possessed by those who have had training and experience in the profession of social work. Although we do not in any manner intend to depreciate the broad professional knowledge possessed by the members of the Board or to hedge their fact-finding duties and responsibilities with an unduly narrow scope of review, the overwhelming weight of the evidence in support of the Department's action, when contrasted with the equivocal evidence introduced by appellant, compels us to conclude that the Board's findings are not fairly supported by substantial evidence when the record is considered as a whole. There is nothing in the record to indicate that appellant's supervisors were motivated by retaliatory, vindictive, or non-professional motives. Rather, the record as a whole demonstrates that

appellant does indeed lack those personal and professional attributes required of one who holds the position of Social Worker III. It should be remembered that persons in appellant's professional position are entrusted with authority and responsibility over the lives of children whose circumstances have caused them to be brought within the Department's area of supervision and control. The Board should not lightly interfere with managerial decisions made by those charged with the responsibility of insuring that the employees of the Department who are entrusted with this authority and responsibility perform their duties with that degree of professional skill and competence that their respective positions require and that the citizens of this state are entitled to expect. We cannot believe that the legislature intended that the Career Services Act be interpreted and administered in a manner that would have the effect of immunizing employees covered by the provisions of the Act from good faith managerial decisions, based upon good cause, designed to promote the efficient operation of the executive branch of state government.

With respect to the question of the Board's authority to award back pay, the effect of our holding in #12473 would render the question moot except for the fact that the circuit court's decision permitted appellant to retain the back pay ordered by the Board and the salary that he had received as a Social Worker III from the date of the Board's decision until the effective date of the circuit court's order permitting the Department to reduce appellant's salary to that of a Social Worker I.

█ Our decision in *Chilstrom v. State, Dept. of Transp., Etc.*, 271 N.W.2d 4 (S.D. 1978), that the Board has the statutory authority to award back pay under the provi-

---

* At the time the trial court reviewed this decision SDCL 1–26–36 read in part:

The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have

been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(5) Unsupported by substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

sions of SDCL 3–6A in effect affirmed the holding of the circuit court in the instant case. In view of the fact that the Department's motion for stay of the Board's decision was denied in the circuit court and in view of the fact that the Department does not vigorously argue the point on appeal, we conclude that we should not reverse the circuit court's determination that appellant should not be required to refund the amount he received in excess of the salary for a Social Worker I from January 21, 1977, to the effective date of the reduction of his salary to that of a Social Worker I pursuant to the order of the circuit court.

The order of the circuit court appealed from in both appeals is affirmed.

All the Justices concur.