No. 88-280

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

JOY WEAR,

        Claimant and Appellant,

  -vs-

BUTTREY FOODS INCORPORATED,

        Employer, Defendant and Respondent.

APPEAL FROM: The Workers' Compensation Court, The Honorable Timothy
Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Linnell, Newhall & Martin; Richard J. Martin, Great
        Falls, Montana

    For Respondent:

        J. David Slovak; Ugrin, Alexander, Zadick & Slovak,
        Great Falls, Montana

Submitted on Briefs: Sept. 9, 1988

Decided: November 3, 1988

FILED
'88 NOV 29 AM 11 29
CLERK
MONTANA SUPREME COURT
Filed?

*Ethel M. Harrison*

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Claimant Joy Wear (Wear) appeals from a judgment of the Workers' Compensation Court denying her claim for benefits for compensable injury. The sole issue before this Court is whether Wear has satisfied the statutory definition of "injury." We affirm the determination of the Workers' Compensation Judge that she has not.

Wear worked as a checker for Buttrey Foods since 1970. On May 18, 1987, Wear filed a claim for compensation alleging she had sustained twelve different maladies which "arose out of and in the course of her employment, or were aggravated or accelerated by her employment . . ." Wear claims her disability resulted from years of repetitive motion, constant stooping, lifting, twisting and standing.

Wear's compensation claim listed the names and addresses of seven attending physicians. Her list of physical complaints included weakness and pain in her left arm; cervical arthritis in the neck region; pain in her lower trunk, pelvis, and upper leg; a fallen arch; bursitis in her right knee; pain in her lower back; bursitis in her hip; disfigurement of her upper thighs; symptoms of stress and increased blood pressure; fibroid tumors in her uterus; abdominal pains; and vericose veins.

Buttrey Foods denied the claim and a hearing was requested before the Workers' Compensation Court. The Workers' Compensation Judge denied Wear's claim for compensation under the Montana Workers' Compensation Act, but strongly urged her to present a claim under the Occupational Disease Act. The Judge concluded that Wear had not satisfied

the statutory definition of "injury" in § 39-71-119, MCA (1985), as it read at the time of the alleged injury in 1987:

> Injury or injured defined. "Injury" or "injured" means:
>
> (1) a tangible happening of a traumatic nature from an unexpected cause or unusual strain resulting in either external or internal physical harm and such physical condition as a result therefrom and excluding disease not traceable to injury . . .

The appropriate standard of review for questions of law is simply whether the lower court's interpretation of the law is correct. Wassberg v. Anaconda Copper Co. (Mont. 1985), 697 P.2d 909, 912, 42 St.Rep. 388, 391. We hold that the lower court's decision is correct.

In order for a claimant to establish an injury, we have held that the two definitive elements of "time definiteness" and "unexpectedness" must be shown. Phillips v. Spectrum Enterprises (Mont. 1986), 730 P.2d 1131, 1134, 43 St.Rep. 2288, 2291; Wise v. Perkins (1983), 202 Mont. 157, 166, 656 P.2d 816, 820.

Wear testified that the cause of her condition was her repeated lifting, twisting, turning, bending and standing during her seventeen years of employment with Buttrey Foods. No specific event or occurrence was said to be the cause of her condition. Rather, Wear argues that she suffered an "unusual strain" through a series of minor traumas over the years while performing her normal duties as a checker. In support of this argument Wear cites Hoehne v. Granite Lumber Co. (1980), 189 Mont. 221, 615 P.2d 863, and Wise v. Perkins (1983), 202 Mont. 157, 656 P.2d 816. In Hoehne, we held that a chain of actions or incidents which led to nerve damage

3

over the course of two and one-half months did satisfy the statutory definition of injury. In Perkins, we held that an extraordinary work load over the course of two weeks which resulted in serious injury to the claimant was an "unusual strain" which satisfied the definition of injury.

Since Wear suffered a series of minor traumas over the past seventeen years, the argument goes, this is sufficient to establish a "tangible happening of a traumatic nature from an unexpected cause or unusual strain." We reject this argument.

More on point with the facts of this case is McMahon v. Anaconda Co. (1984), 208 Mont. 482, 678 P.2d 661, where we held that a claimant, exposed to noxious fumes and particulates in his place of work for a period of years, was not "injured" for purposes of the Workers' Compensation Act. We noted:

> The fact that claimant's ailments were so very gradual in onset excludes them from the definition of injury.
>
> We hesitate to attempt to locate the line between long-term, gradual trauma or disease, and short-term, accidental trauma, exposure or strain. In Hoehne . . . claimant was held to have an "injury", though the onset of his carpal tunnel syndrome took place over a period of two months. However, we feel it is safe to conclude that where laryngeal and pulmonary disorders and resulting psychological impairment are occasioned by exposure to a hostile environment for a period of years, the disorders fall within the meaning of the legislatively defined term "disease." (Emphasis original.) (Citation omitted.)

4

McMahon, 208 Mont. at 485-486, 676 P.2d at 663.  On this reasoning, we conclude Wear has not satisfied the statutory definition of "injury" and therefore the order of the Workers' Compensation Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

5

Mr. Justice William E. Hunt, Sr., dissenting:


I dissent. The Workers' Compensation Court itself recognized that Wear is disabled and that her disability is attributable to her employment. Even so, the majority denies Wear's claim by relying on a definition of "injury" that is much too narrow.

The majority holds that the series of minor traumas experienced by Wear over the years fails to satisfy the time definiteness element of a compensable injury. In so doing, the majority ignores Wear's testimony that her workload had increased immediately before she was forced to leave her employment. Wear worked her last month during the Easter season, a busy period for grocery stores. Furthermore, that Easter, Buttrey Foods experienced a shortage of baggers, requiring Wear to assume the tasks normally completed by those employees in addition to her regular duties.

By disregarding these facts, the majority contravenes our previous decisions in Hoehne v. Granite Lumber Co. (1980), 189 Mont. 221, 615 P.2d 863, and Wise v. Perkins (1983), 202 Mont. 157, 656 P.2d 816. In those cases, we allowed claimants who suffered traumas over the course of time to collect workers' compensation benefits. There is no distinction between the increased workload undertaken by Wear during her last month of work and the workload of the claimants in Hoehne and Perkins.

There is, however, a great distinction between the traumas that caused Wear's disability--constant twisting, bending, and lifting--and the inhalation of noxious fumes that led to the claimant's lung disease in McMahon v. Anaconda Co. (1984), 208 Mont. 482, 678 P.2d 661. The majority's reliance on McMahon is misplaced.

The majority denies Wear's claim on the ground that her injury is the result of minor traumas experienced over the years. The majority's opinion, however, can easily be circumvented by the knowledgeable claimant. Apparently, if Wear had been able to pinpoint a major trauma, the exact date and time of which she could recall, she would have been able to recover benefits. Perhaps if Wear had been a more sophisticated claimant she would have remembered such an event--a wrenched back as she crouched to pick up a bag of potatoes, a pulled muscle as she lifted a sack of flour, a sharp pain as she stooped to retrieve change from the cash drawer. Unfortunately for Wear, she was not so enlightened. This opinion punishes her for her honesty and naivety.

The purpose of workers' compensation is to provide benefits for employees who have been injured on the job. Joy Wear is such an employee. Yet the technical definition of injury in today's decision denies her the benefits she so justly deserves.

_____
Justice