JARL, Respondent, v. FARMERS ELEVATOR CO. of WHITE ROCK, S. D., et al, Appellants.

(252 N. W. 732.)

(File No. 7541. Opinion filed February 13, 1934.)

*Bailey & Voorhees* and *H. L. Fuller,* all of Sioux Falls, for Appellants.

*Murphy, Johanson, Winter & Nelson,* of Wheaton, Minn., and *Dana Babcock,* of Sisseton, for Respondent.

CAMPBELL, J.   Plaintiff Jarl was an employee of defendant elevator company, and on a very hot day, July 27, 1931, he was engaged in unloading a car of coal, removing the coal from the car and placing it in a bin in the warehouse by means of a large wheeled scoop, capable of carrying around 250 to 300 pounds of coal.   The procedure was to run the wheeled scoop rapidly into the coal in the car, thereby getting as much of the coal into the scoop as possible, then complete filling the scoop to capacity with a shovel, wheel it out of the car and across a sort of gangplank to the bin, dump it, and return and repeat the procedure.   Plaintiff and another were engaged in the work and they "changed off" every ten loadings of the scoop.   Plaintiff began to feel weak about 11 o'clock in the morning of the day in question, but continued to work until about 5:30 in the afternoon, taking two hours off at noon.   When he went home and went to bed that night, he was weak and feverish.   He continued in bed and was presently totally disabled, the immediate cause of his disability being septic poisoning in the blood stream.   In May, 1932, plaintiff instituted proceedings for compensation before the industrial commissioner. The matter presently came on for hearing before the commissioner, sitting in lieu of a board of arbitration.   He rejected requested findings and conclusions in favor of defendants and made findings and conclusions in favor of plaintiff, awarding compensation in the sum of $3,000 to be paid in stated installments together with medical and hospital fees in the amount of $100 each. Petition for review was filed within the statutory period, the original order of the commissioner affirmed by denial of review (Moore v. Whipkey, 62 S. D. 56, 251 N. W. 803), and defendants appealed to the circuit court, where the order of the commissioner was in all things affirmed save only that the allowance of $100 for hospital

fee was reduced to $65.05. From the judgment of the circuit court and from a denial of their application for new trial, defendants have now appealed to this court.

The disability of claimant as a result of septic poisoning in the blood stream is not questioned, but there is a serious question between the parties and upon the record in this case as to the nature and origin of such infection. Respondent maintains that the blood stream infection resulted from a hemorrhage of small blood vessels causing a blood clot which subsequently became infected, the whole arising from the nature of the work that he was doing in handling the wheeled coal scoop, as above set out. Appellants, on the other hand, maintain that the infection of the blood stream disabling respondent was the result of a previously existing infected gall bladder, and appellants particularly urge that there is no sufficient evidence in this case of any compensable injury causing respondent's disability, no proof of notice of injury given to the employer within thirty days, as required by section 9455, Rev. Code 1919, and no proof of knowledge of injury on the part of the employer.

It seems very plain that no notice of any injury was ever given to the employer in this case. Respondent himself testifies that the day was damp and hot with a temperature of about 110 in the shade, that there was no breeze or ventilation in the car where he was working, and that he felt weak. He signed a written statement reciting that he was not injured in any way while at work except by overheating. He does not appear himself to have conceived the idea that he had suffered any compensable accidental injury until about the time of filing claim with the industrial commissioner in May, 1932, and the only evidence in the record on the point of knowledge by or notice to the employer (and it is undisputed) is the testimony of the manager of appellant elevator company to the effect that "Mr. Jarl, his dad, came down the next morning and told me that he was awful sick last night and wouldn't be down that day." This testimony is, of course, entirely insufficient to serve as notice of or to establish knowledge of any compensable accidental injury even had there been one. We are therefore of the opinion that, under our statute, there can be no recovery. Cf. Jonke v. Northern States Power Co. (1932) 60 S. D. 620, 245 N. W. 471. Consequently it becomes unnecessary to de-

termine the nature and origin of the infection which plaintiff suffered or to determine whether or not it resulted from a compensable accidental injury.

The judgment and order appealed from are therefore reversed, and the cause remanded, with directions to dismiss the proceeding.

All the Judges concur.