WILHELM, Respondent, v. NARREGANG-HART CO., et al. Appellants

(279 N. W. 549.)

(File No. 8118. Opinion filed May 6, 1938.)

*Williamson & Williamson,* of Aberdeen, for Appellants.
*J. J. Fitzpatrick,* of Aberdeen, for Respondent.

ROBERTS, P. J.  C. A. Wilhelm instituted proceedings un-
der the Workmen's Compensation Law, Rev Code 1919, § 9436 et

seq., as amended, against the Narregang-Hart Company as employer and the Commercial Casualty Company, insurer, alleging in substance that on December 14, 1933, while in the employment of Narregang-Hart Company, he fell and severely injured his back and that the injury resulted in his total disability for which recovery was sought. The matter came on for hearing before the industrial commissioner sitting in lieu of a board of arbitration and, after hearing, decision against the allowance of compensation was rendered. Claimant appealed from the adverse decision to the circuit court of Brown county. The circuit court made findings of fact and conclusions of law favorable to the plaintiff. From the judgment of the circuit court, defendants have appealed to this court.

The circuit court is not the trier of facts (Wieber v. England, 52 S. D. 72, 216 N. W. 850; Haddorf v. Jerauld County, 63 S. D. 448, 260 N. W. 404; Montange v. Wagner Const. Co., 66 S. D. 48, 278 N. W. 176), and the only question presented for review before the circuit court and before this court is whether or not the findings of fact by the industrial commissioner are supported by sufficient competent evidence.

The industrial commissioner found that "claimant was not an employee of the Narregang-Hart Company but was an employee of the Northwestern Company and the Boyd Brothers, performing janitor services for these two firms." The Narregang-Hart Company collected rentals and had general charge of the Bolles block owned by the Northwestern Company and of the Boyd building owned by the firm of that name. Claimant does not deny the existence of the agency, but contends that the Narregang-Hart Company having failed to disclose its principals is, nevertheless, liable as an employer. If it be conceded that an agent who in making a contract of hiring fails to disclose his principal is liable as an employer for compensation, we believe that under the undisputed facts in this record claimant elected not to hold the Narregang-Hart Company. On July 3, 1934, after medical and hospital services had been rendered, claimant entered into an agreement with the Northwestern Company and its insurer acknowledging payment of $500 and releasing the company from any and all claims and demands for injury sustained by claimant on or about December 14, 1933, "while in the employment of the Northwestern

Company." True, claimant contends that he signed the agreement under the misapprehension that it was a settlement for medical and hospital expenses, but does not claim that he did not have knowledge of the true status of the party with whom he dealt. We are of the opinion that the agreement entered into after discovery of the agency and opportunity to make a deliberate choice constituted an election not to enforce a claim under the Workmen's Compensation Law against the Narregang-Hart Company. 71 C. J. 397; Scott v. O. A. Hankinson & Co., 205 Mich. 353, 171 N. W. 489.

The industrial commissioner found that claimant failed to give notice of his alleged injury as required by section 9455, Rev. Code 1919. Claimant contends that the Narregang-Hart Company had such knowledge of the injury as to dispense with formal notice. The burden was on claimant to prove by a preponderance of the evidence all material facts necessary to make out a prima facie case for recovery, and findings adverse to such party cannot be disturbed on appeal, unless the record shows that he has so clearly established a case that it was unreasonable to find otherwise. Edge v. City of Pierre, 59 S. D. 193, 239 N. W. 191. The knowledge of facts relied upon as dispensing with the written notice was a conversation the claimant had with the secretary of the Narregang-Hart Company. It is not claimed that claimant apprised this official of the nature and extent of his injury or that he had any intention of making a claim for compensation or that any officer or representative of the company had other knowledge than that obtained from the conversation. The Workmen's Compensation Act should be accorded a liberal construction, but there are limitations to the application of the rule and the terms and conditions of the statute cannot be ignored. Mellquist v. Dakota Printing Company, 51 S. D. 359, 213 N. W. 947. We think that it is the intention of the act that an employer must be fairly apprised that there may be an opportunity to investigate the cause and nature of an injury. See Jarl v. Farmers' Elevator Company, 62 S. D. 253, 252 N. W. 732. In Lang v. Jordan Stone Company, 61 S. D. 330, 249 N. W. 314, we held that the failure of the employee to give written notice of injury within thirty days after the accident did not bar recovery where an officer of the employer company knew about the accident shortly after it occurred and in a conversation with the attending physician was informed of its

nature and extent. It was not shown in the instant case that the company had any such knowledge as appeared in the case referred to.

It is further contended that the requirement of notice was waived; that payment of compensation under the contract of settlement constituted such a waiver. Narregang-Hart Company was not a party to the contract and no waiver under the admitted facts arose.

For reasons given, the judgment appealed from is reversed and the cause remanded with directions to dismiss the proceedings.

POLLEY, WARREN, and RUDOLPH, JJ., concur.

SMITH, J., disqualified and not sitting.