SCHINDLER, Appellant, v. MANCHESTER BISCUIT COMPANY, et al Respondents

(24 N. W.2d 76.)

(File No. 8334. Opinion filed September 9, 1946.)

**Henry C. Mundt,** of Sioux Falls, for Appellant.

**Bailey, Voorhees, Woods & Fuller, of** Sioux Falls, for Respondents.

ROBERTS, J. Pauline T. Schindler, claiming to have suffered a compensable injury, applied for an adjustment of her claim. The employer denied liability. The deputy industrial commissioner after hearing found that claimant did not sustain an injury by accident arising out of or in the course of her employment and that "claimant did not give notice to the employer, or any person legally empowered to receive such notice for the employer, that she claimed to have sustained an injury on June 14, 1943, within thirty days thereafter, nor at any time until the commencement of this proceeding. * * * Neither the defendant employer nor

any of its agents, servants or employees had knowledge of the accident of June 14, 1943, or of plaintiff's claim of an injury by accident at said time or of any facts or circumstances sufficient to apprise the defendant of any such claim within thirty days of June 14, 1943, or until about February 1, 1944." For these reasons an award was denied. Plaintiff appealed to the circuit court of Minnehaha County, which court on February 28, 1945, affirmed the decision of the industrial commissioner. From the judgment of the circuit court, plaintiff has perfected an appeal to this court.

■ It is admitted that written notice within 30 days after the occurrence of the alleged injury as required under the provisions of SDC 64.0601 was not given to defendant employer. The purpose of the notice is to give the employer an opportunity for investigation of the accident and injury while the facts are accessible. Wilhelm v. Narregang-Hart Co., 66 S. D. 155, 279 N. W. 549. Counsel for plaintiff claims that where the employer has actual notice or knowledge of the injury within the required time the employer is not prejudiced and failure to give formal notice does not defeat recovery, citing Mellquist v. Dakota Printing Co., 51 S. D. 359, 213 N. W. 947 and Lang v. Jordan Stone Co., 61 S. D. 330, 249 N. W. 314.

■ Where failure to give the notice prescribed by the statute is in issue, claimant has the burden of showing that for some sufficient reason notice could not be given or that the employer possessed knowledge of the occurrence of the injury. We have assumed for the purpose of our consideration of the question that plaintiff sustained a compensable injury on June 14, 1943. Plaintiff testified that she continued to do her usual work until June 22, 1943, and that she spoke to a Mr. Herman, a superintendent for the employer, about her injury and compensation. From her testimony it does not appear what information concerning an injury she imparted to the superintendent. The testimony of the superintendent was that plaintiff asked for a leave of absence because of a nervous condition and that she made no reference to an accidental injury. The deputy industrial commissioner found adversely to plaintiff

on this issue and we are of the opinion, and so hold, that there is ample evidence to sustain such finding. It is immaterial whether there is evidence from which the commissioner could have come to a contrary conclusion. It is the duty of this court to fully and fairly consider the evidence, but so far only as to determine that there is reasonable and substantial basis in the evidence for the commissioner's finding.

The judgment appealed from is affirmed.

PUCKETT, Circuit Judge, sitting for POLLEY, J.

All the Judges concur.