Velda BEARSHIELD, Special Administratrix of the Estate of William Bearshield, Deceased, Claimant and Respondent,

v.

CITY OF GREGORY, Employer and Appellant,

and

St. Paul Insurance Companies, Insurer and Appellant.

No. 12426.

Supreme Court of South Dakota.

Argued Jan. 23, 1979.

Decided April 19, 1979.

J. M. Grossenburg of Day & Grossenburg, Winner, for claimant and respondent.

Gary E. Davis of Johnson, Johnson & Eklund, Gregory, for employer and appellant, and insurer and appellant.

MORGAN, Justice.

This is an appeal from a judgment of the Circuit Court for the Sixth Judicial Circuit reversing the decision of the Director of the Department of Labor determining that respondent's claim was barred by the statute of limitations contained in SDCL 62–7–35.[1] We affirm the judgment of the circuit court and remand the matter to the Department of Labor for further proceedings.

In the early morning hours of December 13, 1972, a brick was hurled through a window of the police station in Gregory, South Dakota. As a result of the incident, Officer William Bearshield, respondent, who was on duty at the time, received some glass splinters in his left eye. Later that day, a local doctor removed the glass and washed the eye. Throughout the next few months, respondent continued to visit the doctor because the eye continued to be irritated and red. The injury was reported to and these medical expenses were paid by the city's worker's compensation insurer. Respondent also noticed occasional blurred vision.

In July of 1973, respondent began suffering from frequent headaches and blurred vision. This condition continued through the fall of 1974, when, on November 20, respondent entered the Veterans Administration Hospital in Sioux Falls, South Dakota for treatment of his headaches. During the examination, respondent was informed that his left eye was damaged and blindness in that eye caused his headaches. In the following months, respondent visited eye specialists in Yankton and Mitchell, both of whom also told him the eye was blind. This development was reported to the worker's compensation carrier through its agent. The carrier, in turn, on December 1, 1975, wrote respondent acknowledging that they had been notified but advised respondent

---

1. SDCL 62–7–35 reads, in part:

The right to compensation under this title shall be forever barred unless within two years after an injury, or if death results therefrom, within two years after the death, a claim for compensation thereunder is filed with the department.

that further benefits would not be forthcoming due to the running of the statute of limitations. Subsequently, on May 10, 1976, respondent filed a petition for hearing on his claim for worker's compensation disability benefits. Following the hearing, the hearing examiner for the Department of Labor (Department) ruled that the two-year statute of limitations on worker's compensation claims had run and that respondent's claim was barred. Respondent appealed the Department's decision to circuit court, which reversed the decision and remanded it to the Department for further proceedings. It is the circuit court's reversal of the Department's decision that the City of Gregory and its insurance carrier, appellants, contest before this Court.

Appellants first urge that the circuit court erred in modifying and reversing the Department's decision because it was supported by substantial evidence. The scope of review is defined in SDCL 1–26–31 which states that the court shall not substitute its judgment for that of the agency as to the weight of evidence on questions of fact. The statute specifies that the court may reverse or modify the decision only if substantial rights of the appellant (respondent herein) have been prejudiced because the administrative findings, inferences, conclusions, or decisions, are, among other things, unsupported by substantial evidence in the whole record.

It is appellants' contention that it was error for the circuit court to reverse the Department's ruling that the respondent "knew or should have known" of the injury in July of 1973, since that ruling is supported by substantial evidence and therefore cannot be overturned. Appellants' contention is based, however, on the premise that the Department's ruling is a finding of fact, which it is not. The facts found by the Department were that in July of 1973, respondent experienced blurred vision and headaches. The Department's determination that, at that time, respondent knew or should have known he was blind was a conclusion of law. The determination of what is or is not "knowledge" sufficient to initiate the running of the statute of limitations is a legal determination, not a factual one.

In actuality, the facts were undisputed. The issue over when the statute of limitations starts to run depends upon the determination when respondent had sufficient knowledge that he had a work-related compensable injury. This is primarily a question of law. The Department correctly ascertained the law with respect to "knowledge", but, in the opinion of the circuit court, it erred in its application of the law to the facts of this case. We hold that the circuit court was correct in determining the scope of its review of the Department's decision.

We then turn to appellants' second contention, that the circuit court erred in determining that the statute of limitations commenced to run on December 2, 1974.

The statute of limitation for worker's compensation claims is "two years after an injury."[2] In cases such as this, where the existence and extent of injury is unknown at the time of the accident, it would be unfair to begin the running of the statute of limitations at the time of the accident. Accordingly, the Department and the circuit court correctly relied on *Borowski v. Armco Steel Corporation,* 188 Neb. 654, 198 N.W.2d 460 (1972) in determining that the statute of limitations

> runs from the time it became apparent that a compensable injury has been sustained. This rule applies where it later becomes apparent that a much more serious injury resulted from the accident than was at first supposed, and the plaintiff had no knowledge that such was the situation . . . . (198 N.W.2d at 462–463)

The issue in this case, upon which the circuit court and the Department disagree, is when respondent knew or should have known that he had suffered a compensable disability, i. e., the loss of sight in his left eye, as a result of the accident. The Department chose July, 1973, which is when the Department felt the blurring vision and

---

**2.** SDCL 62–7–35. See note 1, supra.

headaches had reached a point that respondent should have been apprised that he had a compensable injury. There was no other particular occurrence in that month that would denote that month as *the* date.

The circuit court pointed out that the record discloses some blurring of vision at all times subsequent to the incident. The circuit court further points out that mere blurring of vision and pain are not compensable injuries under the statute for which respondent could have filed. The circuit court chose to attach "knowledge" to a date when something occurred that would put respondent on notice that he had a compensable injury. That occurred in the examination at the VA hospital when the respondent was first diagnosed as being blind in the injured eye. We agree with the reasoning of the circuit court.

The determination of when a claimant has "knowledge" of the existence of his injury, for statute of limitations purposes, is a difficult legal question and one that has not previously been before this Court. In *Pirrung v. American News Company*, 75 S.D. 444, 67 N.W.2d 748 (1954), however, a somewhat analogous situation was presented as to the timeliness of notice of injury. In that case, the claimant, while lifting bundles of newspaper, had become aware of a pain in her lower back. Shortly thereafter, she experienced additional pain in her abdominal area and down one leg. For over a month her physicians incorrectly diagnosed the problem as a nonwork-related disease. Approximately forty days after she had first noticed the pain, it was discovered that the problem was due to lower back strain resulting from her lifting of the newspaper bundles. She then filed a claim for worker's compensation benefits due to the work-related nature of her injury and, on appeal, this Court ruled that the fact that she had not informed her employer of the accident or injury within thirty days of the accident was excusable due to her lack of knowledge as to the actual cause or nature of her injury. This Court found that the duty to notify her employer did not arise until the date when the injury was known to her, and stated that it agreed "with those courts which hold the duty of

the employee to notify the employer of the occurrence of an accident and injury does not arise until she learns she has sustained a compensable injury." (Citations omitted.) We find the reasoning equally persuasive in this case where the carrier cannot complain of lack of notice of accident.

As in *Pirrung,* the fact that respondent suffered from pain and other symptoms is not the determinative factor and will not support a determination that respondent had knowledge of the existence or extent of his injury. A claimant cannot be expected to be a diagnostician and, while he or she may be aware of a problem, until he or she is aware that the problem is a compensable injury, the statute of limitations does not begin to run.

We hold, therefore, that the circuit court properly reversed the Department's determination that respondent knew or should have known in July of 1973 that he had a compensable injury. We affirm the decision of the circuit court and remand the matter to the Department for further proceedings.

All the Justices concur.