602 P.2d 475

**M. M. SUNDT CONSTRUCTION COMPANY, Petitioner Employer,**

**Employers Mutual Liability Insurance Company of Wisconsin, Petitioner Carrier,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Neftale C. Herran, Respondent Employee.**

**No. 14483–PR.**

Supreme Court of Arizona, En Banc.

Oct. 17, 1979.

Rehearing Denied Nov. 20, 1979.

Lewis & Roca by Merton E. Marks and R. Kent Klein, Phoenix, for petitioners employer and carrier.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Rabinovitz, Dix & Sands, P. C. by Bernard I. Rabinovitz and Fred R. Sands, Tucson, for respondent employee.

HAYS, Justice.

Respondent employee, Neftale C. Herran, has operated heavy construction machinery for 35 years. During the 12 to 15 years prior to 1977, he was employed by petitioner M. M. Sundt Construction Co., working primarily on highway and street construction. The noise level at such job sites was of such magnitude that hand signals were often essentially the only means of communication.

Approximately 15 years ago, respondent began to notice a ringing in his ears which would disappear within an hour after leaving work. In late 1977, while receiving ultrasonic sound treatment for a back injury, the ringing became permanent. Respondent sought medical advice on January 23, 1978, and, when informed that the impairment was immutable and job-related, filed the claim for workmen's compensation benefits here in question.

At the Industrial Commission hearing, petitioners Sundt Construction and its carrier, Employers Mutual Liability Insurance Company of Wisconsin, contested both causation and the timeliness of respondent's claim. The hearing officer found that respondent had sustained an industrial injury on January 23, 1978 and awarded appropriate benefits.

The Court of Appeals, in a memorandum decision, found the hearing officer's opinion lacking in sufficient findings of fact regarding the timeliness issue and set it aside. We granted the employee's petition for review pursuant to 17A A.R.S. Rules of Civil Appellate Procedure, rule 23.

The standard governing the specificity required of a workmen's compensation award was set forth in *Sproul v. Industrial Commission*, 91 Ariz. 128, 134, 370 P.2d 279, 283 (1962), where we stated that:

"[The] findings as made [at a workmen's compensation hearing] should be of such a nature that they necessarily dispose of

all the material issues involved." (citation omitted)

Examination of the award entered in the instant case reveals that although it could have been more specific, it does sufficiently dispose of the timeliness issue. The decision holds that "the applicant sustained an industrial injury on January 23, 1978 . . . ." It factually supports this conclusion, citing the extreme noise level to which respondent was exposed as causing intermittent and finally permanent hearing disability on that date. Cognizant of the date of injury, we must in addition know whether or not respondent filed his claim within the one year permitted by A.R.S. § 23–1061(A) (Supp.1978).

█ Petitioners additionally argue that even if the award did sufficiently address the timeliness issue, since respondent knew of his hearing impairment at least 15 years ago, the Commission erred in finding the statute of limitations satisfied.

When deciding this issue, the court considers the evidence in the light most favorable to sustaining the award. *McCormick v. Industrial Commission*, 96 Ariz. 88, 392 P.2d 299 (1964).

A.R.S. § 23–1061(A) requires an applicant to give notice ". . . to the commission in writing within one year after the injury occurred or the right thereto accrued." It is well established in this state that the right to workmen's compensation benefits accrues when the employee knows or should have known that he had a compensable injury. *McCormick v. Industrial Commission, supra; Freig v. Industrial Commission*, 15 Ariz.App. 187, 487 P.2d 408 (1971). In *Williams v. Industrial Commission*, 3 Ariz. App. 403, 415 P.2d 118 (1966), the court noted that when an injury becomes manifest is a question of fact within the province of the Industrial Commission and will not be disturbed if supported by competent evidence. *See also McCormick, supra.* The record before us sustains the Commission's findings. Although respondent was aware of ringing in his ears, it would characteristically disappear approximately one hour after work. The disability neither required

him to miss work nor caused him economic loss. Except for a temporary discomfort, respondent had no basis for suspecting a permanent disability. He required no medical attention and was thus never informed of the significance of the impairment until it became immutable. Where, as here, the disorder is merely slight or trivial, but subsequently develops unexpectedly into a permanent condition, it cannot be said that the compensability of the problem became manifest until diagnosis disclosed the severity of the injury. *See Hartford Accident & Indemnity Co. v. Industrial Commission*, 43 Ariz. 50, 29 P.2d 142 (1934).

█ Finally, petitioner would have us vacate the award for failure to establish a causal relationship between respondent's hearing impairment and job-related noise.

In considering this position, we note that if the Commission's findings are reasonably supported by the evidence, the award must be sustained. *Russell v. Industrial Commission*, 98 Ariz. 138, 402 P.2d 561 (1965); *Helmricks v. Airesearch Manufacturing Co. of Arizona*, 88 Ariz. 413, 357 P.2d 152 (1960). In the instant case, the sole medical witness, an otolaryngologist, testified repeatedly that after having examined the respondent, it was his opinion, to a reasonable medical probability, that the claimant's job was at least a contributing factor to his hearing loss. Petitioners offered no evidence in rebuttal. We thus cannot hold that as a matter of law, there was insufficient support for the hearing officer's award.

The decision of the Court of Appeals is vacated. The award of the Industrial Commission is affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concurring.