**Hulda STREYLE, Claimant and Appellant,**

v.

**STEINER CORPORATION and Commercial Union Assurance, Employer and Insurer, Appellees.**

No. 13869.

Supreme Court of South Dakota.

Considered on Briefs March 25, 1983.

Decided March 21, 1984.

Timothy J. Nimick of Woods, Fuller, Shultz & Smith P.C., Sioux Falls, for claimant and appellant.

Carleton R. Hoy of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for employer and insurer, appellees; Linda H. Roberts of Davenport, Evans, Hurwitz & Smith, Sioux Falls, on brief.

PER CURIAM.

This is an appeal from a circuit court order affirming the Division of Labor and Management's decision to dismiss Hulda Streyle's petition for worker's compensation because of her failure to provide written or actual notice of a work-related injury. We reverse and remand.

Hulda Streyle (claimant) is a fifty-year-old woman with an eighth grade education and a history of back problems. She applied for employment with the Steiner Corporation in 1976 and asked for a job with "no heavy lifting." She was hired as a laundress.

On August 15, 1979, claimant had a hysterectomy. She returned to work on October 29, 1979. That day, claimant's job was to reach into deep laundry baskets, hang the contents on hangers, and run the hangers through a steam cabinet. At about 11:00 a.m., as she reached into a basket, claimant felt a sharp pain run through her back. She immediately told Brian Berry, the plant manager, "that my back, something must have happened to my back. My back is hurting."

Claimant continued to work on October 29 and the following two days. During this time, she told her supervisor, Joan Steen, that she could no longer handle her job because, "my back was bothering me." Steen noted, however, that back complaints were common during claimant's employment with Steiner Corporation.

Claimant did not work after October 31, 1979. She conferred with her doctor about her back pain. On November 12, 1979, claimant submitted a note from her doctor advising Steiner Corporation that claimant needed a job "more sitting in nature."

SDCL 62-7-10 requires employees to give employers written notice of a work-related injury within thirty days of the injury. Written notice is excused if "it can be shown that the employer, his agent, or representative had knowledge of the injury or death." SDCL 62-7-10. Claimant concedes that she did not provide written notice of the October 29 injury within thirty days. She argues, however, that Steiner Corporation had knowledge of her injury. SDCL 62-7-10. We agree.

 The current trend is to excuse lack of notice whenever the employer acquired actual knowledge of the injury or accident, no matter how he acquired it. 3 Larson, The Law of Workmen's Compensation, § 78.31(a) (1982). We have held that while the Worker's Compensation Act should be accorded a liberal construction, its terms and conditions cannot be ignored. *Mellquist v. Dakota Printing Co.*, 51 S.D. 359, 213 N.W. 947 (1927). Where, as in this case, the claimant has a preexisting nonoccupational weakness, the burden increases on the claimant "to show that the employer's knowledge of the particular manifestation of injury should be taken as knowledge that it was work-connected." * Lar-

---

* A physical predisposition to injury will not necessarily defeat a worker's compensation claim.

son, *supra,* § 78.31(a) at 15–113. A claimant has the burden of showing that for some sufficient reason notice could not be given or that the employer possessed knowledge of the occurrence of the injury where the failure to give the notice prescribed by SDCL 62–7–10, formerly SDC 64.0601, is in issue. *Schindler v. Manchester Biscuit Co.,* 71 S.D. 336, 24 N.W.2d 76 (1946). It is the intention of the Act that an employer must be fairly apprised of an injury so that there may be an opportunity to investigate its cause and nature. *Wilhelm v. Narregang-Hart Co.,* 66 S.D. 155, 279 N.W. 549 (1938).

 In this case, Steiner Corporation had sufficient knowledge to indicate the possibility of a compensable injury. It is true that Steiner Corporation was aware of claimant's history of back pain and recent hysterectomy. Claimant's immediate complaints, however, to the plant manager and her direct supervisor that "something must have happened to my back" and that she could no longer handle her job because of her back were more than her recurring complaints of pain. Coupled with her subsequent absence from work and her doctor's advice to change to a sitting job, they put Steiner Corporation on notice that something out of the ordinary had occurred, *Rowe v. Semet-Solvay Division Allied Chemical & Dye Corp.,* 268 S.W.2d 416 (Ky.1954), and gave them an opportunity for questioning and investigation. *Carr v. Wheeler,* 265 S.W.2d 490 (Ky.1954). *See Morgan v. Inter-Collegiate Press,* 4 Kan. App.2d 319, 606 P.2d 479 (1980); *Herndon v. Albuquerque Public Schools,* 92 N.M. 635, 593 P.2d 470 (Ct.App.1978). While any one of the circumstances alone might not be enough to find that the employer had notice of injury, their combined occurrence within a very short period of time gave Steiner Corporation knowledge of the injury.

We hold only that Steiner Corporation had notice sufficient to meet the requirements of SDCL 62–7–10. Whether claimant's injury was in fact work-connected and

*Mellquist v. Dakota Printing Co., supra.*

whether the injury is compensable are issues to be resolved on remand.

The order is reversed and the case remanded for further proceedings.

HERTZ, Circuit Judge, sitting for FOSHEIM, C.J., disqualified.

WUEST, Circuit Judge, sitting for MORGAN, J., disqualified.