Wilton **CROFT,** Appellant,

v.

**JOHN MORRELL & COMPANY,** Appellee.

No. 89–369.

Court of Appeals of Iowa.

Dec. 21, 1989.

---

E.J. Kelly and Jeff M. Margolin of Hopkins & Huebner, P.C., Des Moines, and E.W. Wilcke, Spirit Lake, for appellant.

Dick H. Montgomery of Greer, Montgomery, Barry & Bovee, Spencer, for appellee.

Heard by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

OXBERGER, Chief Judge.

The principal question in this appeal is whether a worker's compensation claim by employee Wilton Croft is barred by time limitations.

Petitioner was employed by respondent John Morrell & Company from 1947 to 1985. Croft worked on the kill-floor of a pork plant from 1973 until his retirement. There he was exposed to steam, drafts, hog odors, and ammonia leaks. Croft was seen at the Fairmont Medical Clinic on April 6, 1982, "complaining of some anginal like symptoms predominantly exacerbated by cold air." His symptoms remitted during periods when he did not work. Croft became incapacitated from performing his work on April 26, 1985. Croft retired at that time because he felt he could no longer work in the packing plant environment on account of his physical condition.

The Industrial Commissioner adopted the deputy industrial commissioner's findings of fact and conclusions of law. The commissioner found that:

Claimant sustained an occupational disease resulting in disablement on April 26, 1985, which disease was causally related to his work at John Morrell.

The commissioner found that:

14. Claimant's disease process first distinctively manifested itself on April 6, 1982.

15. Defendant did not have actual knowledge of claimant's condition within ninety days of that date nor reason to know of the condition within ninety days of that date.

The commissioner concluded:

Claimant's claim is barred because claimant failed to give his employer notice of his occupational disease as required under section 85A.18.

Iowa Code section 85A.18 states in part:

Written notice shall be given to the employer of an occupational disease by the employee within ninety days after the first distinct manifestation thereof....

The commissioner interpreted the words "first distinct manifestation" to refer to the first knowledge employee had that his medical complaints were related to his work. The commissioner found:

5. Claimant saw Fairmont Clinic physicians for breathing complaints on April 6, 1982.

6. Claimant related exasperation [sic] of his complaints to his work at Morrell at that time.

This presents a legal question, and legal questions are open to examination by the court's on judicial review. Iowa Code § 17A.19(8)(e).

The claimant contends in this appeal that words "first distinct manifestation" refer to the time when claimant's condition prevents him from returning to work, not the time of the onslaught of symptoms.

The only case cited by the parties defining section 85A.18 is *Doerfer Div. of CCA v. Nicol,* 359 N.W.2d 428, 435 (Iowa 1984). Our research revealed no other case interpreting this section of the Code.

In *Doerfer* the court found the employee had not given notice to the employer. However, the *Doerfer* court found the employer's actual knowledge met the notice requirements. The *Doerfer* court did not pinpoint the date when the ninety days started. The court did not discuss the meaning of the term "first distinct manifestation." It concluded the employer's actual knowledge met the notice test.

We are confronted with an issue of first impression. Did the legislature intend to

require employees to notify the employer when the first symptoms of an occupational disease occurred or did they intend that the notice was to be given when the employee became disabled from the disease.

Section 85A.18 states:

*Notice of disability or death—filing of claims.* Except as herein otherwise provided, procedure with respect to notice of disability or death....

The notice does not say *notice of symptoms.* Disability refers to lack of ability to work. The commissioner required claimant to give notice on April 6, 1982. The commissioner found in finding No. 12 that:

Claimant became actually incapacitated from performing his work on April 26, 1985.

Under the commissioner's holding a claimant is required to file a notice before his claim for disability benefits has matured. The commissioner held that the two-year statute of limitations had not expired, even though the petition was not filed until May 2, 1985. If the date April 6, 1982, used for notice requirements, was used for statute of limitations purposes, the time for statute of limitations had also expired.

In a related issue, the *Doerfer* court interpreted the "last exposure test" defined in Iowa Code section 85A.10. *Doerfer,* 359 N.W.2d at 432–33. Section 85A.10 provides that the employer, where the employee was last injuriously exposed to the hazards of the disease, is liable. The court states:

[T]he ultimate fact which annexes liability to a specific employer is the date of incapacity under conditions which could cause the disease.

*Id.* at 433 (quoting *W.M. Coal Co. v. Campbell,* 344 S.W.2d 794, 795 (Ky.1961)). The *Doerfer* court went on to say:

Our applicable statutes, read together, support imposition of the time of disability test. Iowa Code section 85A.10 only applies "where compensation is payable." Section 85A.5 ("Compensation payable") provides that all employees subject to the chapter "who shall become disabled" shall receive compensation. Finally, occupational disease "disablement" is defined in section 85A.4 as "the event or condition where an employee becomes ac-

tually incapacitated from performing his work or from earning equal wages in other suitable employment."

*Id.* at 433–34.

Claimant also contends that the "cumulative injury rule" established in *McKeever Custom Cabinets v. Smith,* 379 N.W.2d 368 (Iowa 1985), applies here. The *McKeever* court held that both the two-year statute of limitations (section 85.26(1)) and the ninety-day notice under section 85.23 run from the same day, i.e., the day of the injury. *Id.* at 375. The court found, where disability was caused by a work activity which can be gradual and progressive in nature, the date of the "injury" is the date when pain prevents the employee from continuing to work. *Id.* The court rejected the test when pain occasions the need for medical attention. It said:

We incline toward the former of the alternatives; clearly the employee is disabled and injured when, because of pain or physical inability, he can no longer work.

*Id.* at 374.

The *Doerfer* court stated:

Clinical manifestations of occupational diseases typically are caused by prolonged exposure to hazardous substances. [*McSpadden v. Big Ben Coal Co.,* 288 N.W.2d 181, 188 (Iowa 1980)].

*Doerfer,* 359 N.W.2d at 434.

We know of no logical reason to say that notice under occupational disease injury (section 85A.18) should be different than for injuries under section 85.23.

We hold that the date for beginning the 90–day notice period under section 85A.18 starts when the disease progresses to the point that the employee because of pain or physical inability is no longer able to work.

We reverse the district court ruling and remand to the industrial commissioner for reconsideration in light of the holding in this opinion.

REVERSED AND REMANDED.