No. 89-555

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

ANITA M. CONN,

        Claimant and Respondent,

    -vs-

QUALITY INN, Employer,
      and
STATE COMPENSATION INSURANCE FUND,

        Defendant and Appellant.

'90 FEB 22 AM 11 16 FILED
MONTANA ... COURT

APPEAL FROM:  Workers' Compensation Court, The Honorable Timothy
            Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Laurence Hubbard, State Comp. Ins. Fund, Helena, Montana

    For Respondent:

        Julio K. Morales, Missoula, Montana

Submitted on Briefs: Jan. 25, 1990

Decided:  February 22, 1990

Filed:

                        Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

The Montana Department of Labor and Industry, Workers' Compensation Division, ruled that the statute of limitations barred respondent Anita M. Conn's compensation claim. The Workers' Compensation Court reversed that decision, and her employer, Quality Inn, and its insurer, the State Compensation Insurance Fund, now appeal. We affirm.

The appellants raise the single issue of whether the Workers' Compensation Court erred in holding that the claimant was entitled to an extension of the statute of limitations under § 39-71-601(2), MCA (1985), because she did not become aware of her disability until she actually lost wages.

Anita Conn suffered two injuries during her employment as a maid at the Quality Inn in Missoula, Montana. Sometime between January and March of 1986, she tripped over a vacuum cleaner cord injuring her back and hip. On June 22, 1987, she tripped over a bedspread injuring the same area. Neither injury caused Conn to miss work, but she suffered sporadic pain which increased following the second injury.

Shortly after the second injury, Conn sought medical help. Her condition initially responded to treatment, but in the summer of 1988, her work load escalated, and the pain returned with greater severity. Although she was taking medication, Conn's pain continued to increase and eventually began to interfere with her

job performance. In early November of 1988, Conn quit work on her doctor's advice.

On November 4, 1988, Conn filed a workers' compensation claim for the second accident, and on December 21 she filed for the first accident. Because Conn had not filed within the twelve-month statute of limitations, she requested a waiver under § 39-71-601(2), MCA (1985), alleging that she was not aware of her disability until her doctor advised her to quit work. The Division disallowed the waiver reasoning that Conn knew that she was injured and that the injury affected her job performance prior to the running of the statute of limitations. The Workers' Compensation Court reversed the Division's determination holding that "disability," as referred to in the waiver provision, requires a loss of earnings occasioned by the injury.

We begin by setting out the applicable law. The reviewing court may reverse an agency's conclusions of law when they are an abuse of discretion. An abuse of discretion results when an agency's interpretation of the law is clearly contrary to the legislative intent. Swan Corp. v. Department of Revenue (Mont. 1988), 755 P.2d 1388, 1390, 45 St.Rep. 998, 1000. This Court applies a de novo standard in reviewing the Workers' Compensation Court's interpretation of the law. Wear v. Buttrey Foods Inc. (Mont. 1988), 764 P.2d 139, 140, 45 St.Rep. 2063, 2064. We agree with the Workers' Compensation Court that the present issue is the

3

proper definition of "disability" as used in § 39-71-601(2), MCA (1985), a purely legal question.

This case falls under the 1985 workers' compensation statutes. See Act approved April 14, 1987, ch. 464, § 72(2), 1987 Mont. Laws 1092, 1129 (the 1987 revision of the workers' compensation statutes applies to injuries occurring after June 30, 1987). In the 1985 statute of limitations for workers' compensation claims the legislature provided that:

> (1) In case of personal injury or death, all claims shall be forever barred unless presented in writing to the employer, the insurer, or the division, as the case may be, within 12 months from the date of the happening of the accident, either by the claimant or someone legally authorized to act for him in his behalf.
>
> (2) The division may, upon a reasonable showing by the claimant of lack of knowledge of disability, waive the time requirement up to an additional 24 months.

Section 39-71-601, MCA (1985) (emphasis added).

The present question is, what did the legislature intend when it used the term "disability" in § 39-71-601(2), MCA (1985)? Legislative intent it determined by first looking to the plain meaning of the statutes. Thiel v. Taurus Drilling Ltd. (1985), 218 Mont. 201, 205, 710 P.2d 33, 35. The Workers' Compensation Court appropriately looked to the legislature's statutory definition of "disability."

4

> A worker is disabled <u>when his ability to engage in gainful employment</u> is diminished as a result of impairment . . . . Disability is not a purely medical condition. Disability may be temporary total, permanent total, or permanent partial as defined in 39-71-116.

Section 39-71-121, MCA (1985) (emphasis added).

> "Temporary total disability" means a condition resulting from an injury as defined in this chapter <u>that results in total loss of wages</u> . . . .

Section 39-17-116(19), MCA (1985) (emphasis added).

> "Permanent total disability" means a condition resulting from injury as defined in this chapter <u>that results in loss of actual earnings or earning capability</u> . . . .

Section 39-71-116(13), MCA (1985) (emphasis added).

> "Permanent partial disability" means a condition resulting from injury as defined in this chapter <u>that results in the actual loss of earnings or earning capability</u> . . . .

Section 39-71-116(12), MCA (1985) (emphasis added). The plain language of the statutes leaves no doubt that a disability occurs only when the claimant suffers a loss in the ability to engage in gainful employment. The definitive indicator of a loss in ability is a loss in wages, present or future.

Conn had no such loss until she quit work on her doctor's advice. She knew that she had been injured on the job and that the injuries affected her ability to work, but she continued to work and earn undiminished wages. She had no indication that she could not continue to work, though with some inconvenience, until her

5

doctor advised her to quit in November of 1988. We agree with the Workers' Compensation Court that she had no knowledge of her disability until that time and, therefore, is entitled to the twenty-four month extension under § 39-71-601(2), MCA (1985).

The appellants argue that the Workers' Compensation Court erred by not applying the three-part test adopted by this Court in Bowerman v. Employment Security Commission, but we disagree. In Bowerman, we held that in workers' compensation cases of latent injury, the statute of limitations in § 39-71-601, MCA (1985) "does not begin to run until the claimant, as a reasonable man, should recognize the (1) nature, (2) seriousness and (3) probable, compensable character of his latent injury." Bowerman (1983), 207 Mont. 314, 319, 673 P.2d 476, 479 (enumeration added). The issue presented to the Workers' Compensation Court involved only the last element of the Bowerman test, the compensable nature of the injury. See Dodd v. Champion Inter'l. Corp. (Mont. 1989), 779 P.2d 901, 905, 46 St.Rep. 1649, 1654. The court correctly decided that issue according to the plain meaning of the statute. We will not hold the Workers' Compensation Court in error for failing to ritualistically recite the elements of Bowerman.

The respondent asks this Court to award attorney fees and costs as authorized by § 39-71-611, MCA (1985), and a twenty percent increase in benefits as authorized by § 39-71-2907, MCA (1985). This request is premature and is denied. Both statutes require a

6

finding that the claim is compensable.  But see <u>Dodd</u>, 779 P.2d at 905, 46 St.Rep. at 1654.  We hold only that the claim is not barred by the statute of limitations and make no determination as to whether Conn suffered a compensable injury.

Affirmed.

_____
J.A. Turnage
Chief Justice

We concur:

_____
William E. Hunt Sr.

_____
John C. Sheehy

_____
Diane G. Barz

_____
Justices