Wendell Wayne **VENENGA**, **Appellant**,

v.

**JOHN DEERE COMPONENT WORKS,** Employer, Self–Insured, **Appellee.**

No. 92–819.

Court of Appeals of Iowa.

Feb. 2, 1993.

Gregory T. Racette of Hopkins & Huebner, P.C., Des Moines, for appellant.

John W. Rathert of Beecher, Rathert, Roberts, Field, Fister, Walker & Morris, Waterloo, for appellee.

Heard by OXBERGER, C.J., and HAYDEN, J., and PERKINS, Senior Judge.*

OXBERGER, Chief Judge.

The principal question in this appeal is whether a workers' compensation claim by employee Wendell Venenga is barred by time limitations. Wendell Venenga began working for John Deere in July 1960. He began having gradual problems with his back while working as a material handler. The pain continued to worsen when he became a shavings hauler.

On May 27, 1986, Venenga slipped at work. He told a supervisor of the fall but did not go to the medical department. He completed work that day but sought treatment the following Monday.

On August 25, 1986, Venenga was seen by another physician, Dr. Walker. In his report, Dr. Walker notes a history of low back pain which had been present for five or six years which Venenga believed originated from heavy lifting at work. Dr. Walker prescribed physical therapy from August 25, 1986, through September 15, 1986.

On August 26, 1986, a strike commenced. While on strike, Venenga continued to see Dr. Walker for his back condition. On October 27, 1986, Venenga entered the hospital for treatment of his back condition. In the discharge summary, Dr. Walker rec-

ommended that Venenga remain off the picket line for three weeks.

The strike ended February 1, 1987, and Venenga returned to work. On July 15, 1987, Dr. Walker scheduled Venenga for back surgery on August 21, 1987. Venenga returned to work in June 20, 1988, with permanent restrictions. Dr. Walker attributed Venenga's back condition to the cumulative trauma of his work activities.

Venenga filed an original notice and petition with the industrial commissioner alleging he sustained a work-related low back injury on May 27, 1986, and July 24, 1987.

Venenga alleged he sustained a cumulative injury to his back on July 24, 1987, because on that date he was unable to work due to pain and proceeded to surgery for his back condition.

Following an arbitration hearing, the deputy found Venenga sustained a work-related injury to his low back on October 27, 1986. This was the date Venenga was hospitalized for low back treatment. The deputy stated an earlier date could easily be found since Venenga was apparently disabled in June of 1986 and August of 1986 based upon the medical treatment he received and his absentee records. The deputy concluded, however, that by October 27, 1986, Venenga, as a reasonable person, had within his knowledge sufficient facts to recognize that his back condition was serious and work-related. The deputy also found that the employer did not have sufficient information prior to August 10, 1987, which would have alerted a reasonably conscientious manager to the existence of workers' compensation claim based upon either an acute injury of May 27, 1986, or a cumulative injury of October 27, 1986. Based upon these facts, the deputy concluded that Venenga's claim was barred by the provisions of Iowa Code section 85.23.

Venenga appealed. On August 29, 1991, the industrial commissioner affirmed the deputy's proposed decision and adopted it as final agency action in this case.

* Senior Judge from the 5th Judicial District serving on this court by order of the Iowa Supreme Court.

Venenga sought judicial review. On May 8, 1992, the district court entered an order affirming the agency's decision. The district court found the commissioner's determination that Venenga reasonably should have been aware of the work-related nature of his injuries at the time of his hospitalization in October 1986 was reasonable and fully supported by the evidence.

Venenga has appealed.

### Scope of Review

Our scope of review was well set out in *Henry v. Iowa Dep't of Transp., M.V.D.,* 426 N.W.2d 383, 385 (Iowa 1988):

In reviewing a district court decision on the validity of an agency action, we decide only whether the district court has correctly applied the law. The district court itself acts in an appellate capacity to correct errors of law on the part of the agency. When we review such action by the district court, we merely apply the standards of section 17A.19(8) to determine whether our conclusions are the same as those of the district court. If the conclusions are the same, we affirm; otherwise we reverse. (Citations omitted.)

### Discussion

Venenga contends the Commissioner erred in determining his cumulative injury occurred prior to July 24, 1987, the date on which he was no longer able to work due to his injury.

■ Iowa adopted the cumulative injury rule in *McKeever Custom Cabinets v. Smith,* 379 N.W.2d 368, 374 (Iowa 1985). In *McKeever,* the court also addressed the question of when a cumulative injury occurs for reporting and time limitation purposes: when pain prevents the employee from continuing to work, or when the pain occasions the need for medical attention. *Id.* The court adopted the rule finding an employee is disabled and injured when, because of pain or physical inability, he or she can no longer work. *Id.* The court cited numerous cases from other jurisdictions which held an employee was disabled when he or she ceased working. *Id.*

Our supreme court once again addressed this question in *Oscar Mayer Foods Corp. v. Tasler,* 483 N.W.2d 824 (Iowa 1992). In *Tasler,* the court stated:

Consistent with a liberal construction of the worker's compensation statute, we believe that for purposes of computing benefits it is appropriate to fix the date of injury as of the time at which the "disability manifests itself." "Manifestation" is best characterized as "the date on which both the fact of the injury and the causal relationship of the injury to the claimant's employment would have become plainly apparent to a reasonable person."

*Id.* at 829.

The court also noted:

We thus reject an interpretation of the term "manifestation" that will always require an employee suffering from a repetitive-trauma injury to fix, as the date of accident, the time at which the employee first became aware of the physical condition, presumably through medical consultation, since by their very nature, repetitive-trauma injuries often will take years to develop to the point where they will constitute a *compensable worker's compensation injury.* [citations omitted, emphasis supplied]. Instead, the Commissioner is entitled to consider a multitude of factors such as absence from work because of inability to perform, the point at which medical care is received, or others, none of which is necessarily dispositive.

*Id.* at 829–30.

■ The commissioner determined Venenga's disability manifested itself on October 27, 1986. October 27 was the date Venenga was hospitalized for treatment of his back condition, although he had received physical therapy for his back prior to that date. Venenga's local was on strike on October 27, 1986. In fact, he was on strike from August 1986 through February 1987. Venenga returned to full-time employment following resolution of the strike. He worked at his regular position without limitations. According to his attendance record, he missed only two days of work

between the time the strike ended and the time he was no longer able to work.

■ When Venenga was hospitalized in October he had no compensable worker's compensation claim. Venenga did not miss work during his hospitalization. Venenga first *stopped* work due to his back injury on July 24, 1987. Prior to that time, he would not have been eligible for worker's compensation benefits. We do not read *Tasler* to require an employee to stop working to make a cumulative injury worker's compensation claim. However, we find more is required than knowledge of an injury or receipt of medical care. The employee must realize his or her injury will have an impact on employment.

■ The notice requirement of Iowa Code section 85.23 protects employers by insuring they are alerted "to the possibility of a claim so that an investigation can be made while the information is fresh." *Dillinger v. Sioux City*, 368 N.W.2d 176, 180 (Iowa 1985). We see the importance of prompt investigation when a single injury or accident occurs, but an investigation of "fresh" information is not likely to occur when an injury or disability has been developing for a number of years. We find the purpose of the 90–day notice requirement is adequately served by requiring the employee to notify the employer within ninety days of the day the employee becomes aware that the injury impacts his or her employment.

The industrial commissioner's determination, taken to its logical end, would require any employee seeking medical treatment for an injury which may be work-related and may at some future point constitute a compensable workers' compensation claim, to report the injury to the employer. Our law simply does not require such stringent reporting.

We cannot ignore that informing an employer of a work-related injury creates tension between the employee and the employer. Employers often attempt to show the injury is for some reason not compensable. Employees then are reluctant to report such injuries until there is a direct impact on their ability to perform their work tasks.

At the same time, employers must have an opportunity to investigate alleged work-related injuries.

We remand this case to the commissioner for a determination of eligibility for benefits based on a cumulative injury date consistent with this opinion.

**REVERSED AND REMANDED.**