Irene NEHLICH, Dale Roesch, Jerome Fischer, City of Roscoe, Plaintiffs and Appellants,

v.

SOUTH DAKOTA COMPREHENSIVE HEALTH PLANNING AGENCY et al., Defendants and Appellees.

No. 12768.

Supreme Court of South Dakota.

Submitted on Briefs Jan. 21, 1980.

Decided March 26, 1980.

Peter J. Buttaro, Aberdeen, for plaintiffs and appellants.

David O. Carter, Asst. Atty. Gen., Pierre, for defendants and appellees; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

FOSHEIM, Justice.

An application for a certificate of need was filed with the South Dakota Secretary of Health asking for permission to construct an intermediate care facility in Roscoe, South Dakota. Following a public hearing and a rehearing, the application was rejected. The circuit court upheld the refusal. We affirm.

While appellants concede that neither the trial court nor this court can substitute its judgment for that of the administrative agency, they urge that the adopted findings of fact and conclusions of law were unsupported by substantial evidence on the whole record and were arbitrary or capricious and characterized by abuse of discretion.

When the application was heard, SDCL 1–26–36 provided as follows [1]:

> The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the. agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> .   .   .   .   .
>
> (5) Unsupported by substantial evidence on the whole record; or
>
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

■ We have had occasion to discuss this standard of review on many occasions. Under this test, the fact that there may be substantial evidence in the record to support findings contrary to those made by the agency is not a reason for reversal. On the contrary, the inquiry is whether the record contains substantial evidence to support the agency's determination. *Dail v. South Dakota Real Estate Commission*, 257 N.W.2d 709 (S.D.1977); *Application of Ed Phillips & Sons Company*, 86 S.D. 326, 195 N.W.2d 400 (1972). The term "substantial evidence" means "such relevant and competent evidence as a reasonable mind might accept as being sufficiently adequate to support a conclusion." SDCL 1–26–1(8).

It appears from the evidence that there were three long-term care facilities existing within the service area of Edmunds County; two were intermediate-care facilities and the third was a skilled-care facility. The

---

1. This statute has in the meantime been amended.

application indicated an intention to build a fourth facility with a forty-bed capacity.

The Secretary of Health adopted a procedure to determine bed need for long-term care facilities. That procedure included consideration of the projected area population, age 65 and over, based upon information from the Bureau of Census, South Dakota Health Department and the Public Health Statistics Program. The agency found that there were 139 long-term care beds existing in Edmunds County. Considerable evidence was taken relative to the manner in which the proposed facility was to be financed. It appears that while there was considerable local interest in arranging financing, no firm commitments from either individual contributors or lending institutions had been confirmed. The agency found that the financing arrangements for the facility were inadequate and that no feasibility had been established.

Appellant cites the strong community interest and overwhelming support for the facility which was exhibited at the hearings. Community support for such a facility, while understandable and commendable, is not determinative in making decisions of feasibility. The agency must consider whether adding another nursing facility to the community would adversely affect the other three existing and thus create difficulty for all four to function.

While there is also evidence which would indicate the facility applied for may prosper and serve a further community need, we must agree with the trial court that the agency's findings and conclusions are supported by substantial evidence on the whole record and that the decision denying the application was not arbitrary or capricious or characterized by abuse of discretion.

The judgment of the circuit court is affirmed.

All the Justices concur.