1997 SD 2

**William S. LOEWEN, Claimant and Appellant,**

v.

**HYMAN FREIGHTWAYS, INC., Employer and Appellee,**

**and**

**Liberty Mutual Insurance Company, Insurer and Appellee.**

**Nos. 19643, 19644.**

Supreme Court of South Dakota.

Considered on Briefs Dec. 3, 1996.

Decided Jan. 8, 1997.

Thomas W. Parliman, P.C., Sioux Falls, for claimant and appellant.

Comet Haraldson of Woods, Fuller, Shultz & Smith, Sioux Falls, for appellees.

GILBERTSON, Justice.

[¶ 1.] William Loewen (Loewen) appeals from a denial of his petition for worker's compensation benefits. We reverse on the issue of notice and reinstate the decision of the Department of Labor.

## FACTS & PROCEDURE

[¶ 2.] Loewen was employed as a dock worker for Hyman Freightways (Employer). In late May or early June of 1993,[1] Loewen helped a fellow worker shut a trailer door.

When the door shut, Loewen stepped backwards and tripped and fell onto a dock plate, hitting his tailbone and left buttock. The worker whom Loewen was assisting witnessed the fall. Loewen did not seek medical treatment immediately after this fall and self-treated with rest and application of a heating pad. He did however testify that he missed one day of work and left work one hour early several other days due to back problems incurred in this fall.

[¶ 3.] On July 28, Loewen was on vacation when he slipped on some mud and fell. After this fall, the pain in his back was such that he sought treatment from a chiropractor, Dr. Johnson. Loewen called Dale James (James), Employer's operations manager, to request an additional week of vacation because his back was still bothering him. He thought another week with the heating pad applied to his back would resolve the problem. After several visits to the chiropractor, however, Loewen was referred to a neurosurgeon, Dr. Estes. Loewen saw Dr. Estes on August 5, 1993, and on this same date, called James to tell him he might have to have surgery. When James inquired as to what caused his back problems, Loewen responded, "You remember when I tripped over the dock plate and fell on my tailbone a couple months ago. I'm sure I told you or I told Larry [Marsh, dock supervisor]." Neither James nor Marsh recalled Loewen's reporting the fall or any subsequent injury to them. Employer's injury report records also did not reflect Loewen reported an injury.[2]

[¶ 4.] On August 11, 1993, Dr. Estes performed a lumbar laminectomy on Loewen for a disk extrusion. Loewen applied for worker's compensation benefits. The Department of Labor, following a hearing, denied the petition for benefits, holding Loewen had failed to provide Employer with notice pursuant to SDCL 62–7–10 and that he had failed

---

1. Although Loewen's pleadings point to June 11, 1993 as the date of the fall, it was later discovered through Employer's time records that Loewen had been on vacation at that time. Loewen was unable at the hearing to establish the exact date of his fall onto the dock plate, but believes it to be sometime in late May or early June.

2. Marsh, dock supervisor for Employer for fifteen years, testified that part of his duties entailed recording worker's compensation injuries, that he records even minor injuries where medical treatment may not be required, and that he has been instructed to be very attentive to completing these reports. Marsh testified Loewen neither reported his fall on the dock plate nor reported any pain as a result.

to establish a causal connection between his injury and his employment. Loewen appealed to the circuit court which reversed the Department on the notice issue and affirmed on the issue of causation.

[¶ 5.] Loewen appeals to this Court raising the following issue:

> Whether Loewen suffered an injury arising out of and in the course of his employment?

Employer and its insurer raise the following issue by notice of review:

> Whether Loewen provided Employer with notice of his injury pursuant to SDCL 62–7–10?

## STANDARD OF REVIEW

[¶ 6.] Our standard of review of a worker's compensation claim is governed by SDCL 1–26–37. This statute provides:

> An aggrieved party or the agency may obtain a review of any final judgment of the circuit court under this chapter by appeal to the Supreme Court. The appeal shall be taken as in other civil cases. The Supreme Court shall give the same deference to the findings of fact, conclusions of law and final judgment of the circuit court as it does to other appeals from the circuit court. Such appeal may not be considered de novo.

However, when the issue is a question of law, the agency's actions are fully reviewable. *Caldwell v. John Morrell & Co.*, 489 N.W.2d 353, 357 (S.D.1992); *Egemo v. Flores*, 470 N.W.2d 817, 820 (S.D.1991).

[¶ 7.] On appeal, "[t]he issue we must determine is whether the record contains substantial evidence to support the agency's determination." *Helms v. Lynn's, Inc.*, 1996 SD 8, ¶ 10, 542 N.W.2d 764, 766 (citing *In re Establishing Certain Territorial Elec. Boundaries*, 318 N.W.2d 118, 121 (S.D. 1982); *Nehlich v. SD Comprehensive Health*, 290 N.W.2d 477, 478 (S.D.1980); *Dail v. S.D. Real Estate Comm'n*, 257 N.W.2d 709, 712 (S.D.1977)). "We will reverse only if we are definitely and firmly convinced that a mistake has been made." *Spitzack v. Berg*

*Corp.*, 532 N.W.2d 72, 75 (S.D.1995) (citing *Day v. John Morrell & Co.*, 490 N.W.2d 720, 723 (S.D.1992)).

## ANALYSIS & DECISION

### Whether Loewen provided Employer with notice of his injury pursuant to SDCL 62–7–10?

[¶ 8.] We address Employer's notice of review issue first as it is a threshold issue. *Westergren v. Baptist Hospital of Winner*, 1996 SD 69, ¶ 17, 549 N.W.2d 390, 395. "Notice to the employer of an injury is a condition precedent to compensation." *Id.* (citing *Schuck v. John Morrell & Co.*, 529 N.W.2d 894, 897–98 (S.D.1995)).

[¶ 9.] "The law in effect when the injury occurred governs the rights of the parties." *Westergren*, 1996 SD 69, ¶ 18, 549 N.W.2d at 395 (citing *Helms*, 1996 SD 8, ¶ 11, 542 N.W.2d at 766). In 1993, when Loewen's injury occurred, SDCL 62–7–10, requiring notice to the employer of the injury, provided: [3]

> Every injured employee or his representative shall immediately upon the occurrence of an injury or as soon thereafter as practicable give or cause to be given to the employer written notice of the injury and the employee shall not be entitled to a physician's fee nor to any compensation which may have accrued under the terms of this title prior to the giving of such notice, unless it can be shown that the employer, his agent, or representative had knowledge of the injury or death, or that the person required to give such notice had been prevented from doing so by reason of physical or mental incapacity or the fraud or deceit of some third person or other equally good reason; but no compensation shall be payable unless written notice is given within thirty days after the occurrence of the injury or death unless reasonable excuse is made to the satisfaction of the department for not giving such notice.

[¶ 10.] We discussed the notice requirement in *Westergren*, stating its purpose

3. This statute was completely rewritten in 1994 to address the situation where the employer has actual knowledge of the injury. Employer's actual knowledge is not an issue in this case.

is "to give the employer the opportunity to investigate the injury while the facts are accessible. The notice requirement protects the employer by assuring he is alerted to the possibility of a claim so that a prompt investigation can be performed." 1996 SD 69, ¶ 18, 549 N.W.2d at 395 (citations omitted).

[¶ 11.] At the outset, we must acknowledge that the Department of Labor made a factual finding that Loewen was not credible on the issue of notice. The circuit court agreed. We have long held the Department is in the best position to assess the credibility of the witnesses and the weight to be accorded their testimony, and we give due regard to its opportunity to observe the witnesses and the evidence first hand. *Petersen v. Hinky Dinky*, 515 N.W.2d 226, 235 (S.D. 1994); *Wendel v. Domestic Seed & Supply*, 446 N.W.2d 265, 271 (S.D.1989). We will not substitute our judgment for the agency's on an issue of credibility unless we are "left with a definite and firm conviction that a mistake has been made." *Lien v. Miracle Span Corp.*, 456 N.W.2d 563, 565 (S.D.1990).

[¶ 12.] We are not left with such a conviction in this case, and we find substantial evidence to affirm the Department's holding on the notice issue. Nevertheless, the circuit court, as a matter of law, held Loewen "was not required to give Employer notice of his injury until he suffered economic harm," and concluded that "[u]ntil a Claimant suffers economic harm, he is not aware that he has suffered a compensable injury." According to the Memorandum Decision of the circuit court, incorporated by reference into its Findings of Fact and Conclusions of Law, it relied solely on our decision in *Tieszen v. John Morrell & Co.*, 528 N.W.2d 401 (S.D. 1995) in reaching this conclusion.

[¶ 13.] In its Memorandum Decision, the circuit court quoted a holding from the Supreme Court of Arizona cited in *Tieszen* and attributed it to the *Tieszen* holding. In *Tieszen*, this Court examined a number of cases in other jurisdictions. We did not, however, adopt the Arizona court's holding. The full quote from *Tieszen* to which the circuit court referred states:

Finally, the Supreme Court of Arizona held that the notice period did not begin to run where an employee had suffered an injury where the injury did not require him to miss work or cause him an economic loss. That court held that the notice period did not begin to run until the severity of the injury was medically diagnosed.

*Id.* at 405 (citing *M.M. Sundt Constr. Co. v. Industrial Comm'n of Ariz.*, 124 Ariz. 94, 602 P.2d 475, 477 (1979)).

[¶ 14.] This Court has stated "[t]he question of whether an employee had sufficient knowledge of a compensable injury to start the running of the notice period is a question of law." *Id.* at 404 (citing *Bearshield v. City of Gregory*, 278 N.W.2d 164, 165 (S.D.1979)). However, we do not agree that suffering economic harm is the precipitating event that commences the notice period to run in a worker's compensation case under South Dakota law. Such language is too restrictive when examined in light of this Court's precedent. *See Pirrung v. American News Co.*, 75 S.D. 444, 448, 67 N.W.2d 748, 750 (1954) (holding the duty to notify employer of occurrence of injury arises when employee learns he or she has sustained a compensable injury); *Bearshield*, 278 N.W.2d at 166 (holding two-year statute of limitations to bring worker's compensation claim runs from the time employee is aware a compensable injury has been sustained). Further, such language does not comport with SDCL 62–7–10 which sets the notice period running at the "occurrence of the injury" rather than an injured employee's suffering any economic harm.

[¶ 15.] In *Miller v. Lake Area Hospital*, 1996 SD 89, 551 N.W.2d 817, we recently revisited the issue of notice in a worker's compensation case and this Court's holding in *Tieszen*. We note the circuit court in the present case did not have the benefit of *Miller* as it was decided three months after the circuit court made its determination regarding Loewen's notice to Employer. In *Miller*, we expressly noted that "[m]issing work is not a required element for entitlement to compensation under our law." *Id.* at ¶ 17, 551 N.W.2d at 821. We held "[t]he proper test is: 'The time period for notice or claim does not begin to run until the claim-

ant, as a reasonable person, should recognize the nature, seriousness and probable compensable character of [the] injury or disease.'" *Id.* at ¶ 14, 551 N.W.2d at 820 (quoting 2B Arthur Larson, *Larson's Workmen's Compensation Law*, § 78.41(a) at 15–185–86 (1995)). In applying this "reasonable person" test, we note that Professor Larson cautions, in keeping with the principles of workmen's compensation law, the reasonableness of a claimant's conduct "should be judged in the light of his own education and intelligence, not in the light of the standard of some hypothetical reasonable person of the kind familiar to tort law." *Larson's Workmen's Compensation Law*, § 78.41(d) at 15–245 (1996).

 [¶ 16.] Loewen suffered an abrupt, acute injury at the workplace. Under the facts of this case, provided by Loewen's own testimony, he was aware he had sustained a compensable injury immediately after it occurred in late May or early June. This can logically be inferred from his testimony that he reported the injury to James or Marsh that same day (although neither of them recalled it), and that he repeatedly informed Marsh of his ongoing back pain when the two of them visited before Loewen's shift started (although Marsh did not recall it). The Department did not find Loewen's testimony on this issue to be credible.[4] He cannot now assert a better version of the facts than his prior testimony and "cannot now claim a material issue of fact which assumes a conclusion contrary to [his] own testimony." *Petersen v. Dacy*, 1996 SD 72, ¶ 16, 550 N.W.2d 91, 95 (quoting *Lalley v. Safway Steel Scaffolds, Inc.*, 364 N.W.2d 139, 141 (S.D.1985)). We also note the Department "'is not required to accept the testimony of the claimant and is free to choose between conflicting testimony.'" *Petersen*, 515 N.W.2d at 235 (quoting *Kennedy v. Hubbard Milling Co.*, 465 N.W.2d 792, 796 (S.D.1991)).

[¶ 17.] It was found by the Department as fact that Loewen did not provide notice of his injury to his Employer until August 5, 1993, when he telephoned James to inform him about his possible surgery. This finding is not clearly erroneous. Such notice is too late to meet the requirement set forth in SDCL 62–7–10 that written notice be given "immediately upon the occurrence of an injury or as soon thereafter as practicable" and that "no compensation shall be payable unless written notice is given within thirty days after the occurrence of the injury or death unless reasonable excuse is made to the satisfaction of the department for not giving such notice."

[¶ 18.] We note the facts of this case illustrate the purpose of the notice requirement and that is "to give the employer opportunity to investigate the injury while the facts are accessible. The notice requirement protects the employer by assuring he is alerted to the *possibility* of a claim so that a prompt investigation can be performed." *Westergren*, 1996 SD 69, ¶ 18, 549 N.W.2d at 395 (citing *Schuck*, 529 N.W.2d at 897) (emphasis added). Here, that opportunity was lost to Employer.

 [¶ 19.] Loewen bears the burden of proving all facts essential to compensation. *Id.* at ¶ 10, 549 N.W.2d at 393. He has not met his burden of proving either timely notice or a reasonable excuse for not giving such notice. We reverse the circuit court on the issue of notice and reinstate the Department of Labor's decision. Our holding on the issue of notice, as a threshold consideration, is dispositive and precludes discussion on the causation issue.

[¶ 20.] MILLER, C.J., and AMUNDSON and KONENKAMP, JJ., concur.

[¶ 21.] SABERS, J., concurs specially.

SABERS, Justice (concurring specially).

[¶ 22.] I write specially to assert that *Tieszen v. John Morrell & Co.*, 528 N.W.2d 401 (S.D.1995), remains precedent for situations

---

4. The Department noted in its Decision, incorporated by reference into its Findings of Fact and Conclusions of Law, that:

> [Loewen] does not deny that this discomfort was the result of his fall at work. He claims to have difficulty from that day forward, but does not seek medical assistance until some time down the road when he has a fall at home. It does not follow logic that since the fall at home, he now is aware of a compensable injury from the work place.

similar to Tieszen's where the "disability was caused by a work activity which can be gradual and progressive in nature, [when] the date of the 'injury' is the date when pain prevents the employee from continuing to work." *Id.* at 404 (citations omitted).