2003 SD 63

Kelly CLAUSEN, Claimant
and Appellant,

v.

NORTHERN PLAINS RECYCLING,
Employer,

Fireman's Fund, Insurer,

Able Construction Co., Employer,

Milwaukee Casualty Insurance
Co., Insurer,

Gil Haugan Construction Co.,
Employer and Appellee,

Regent Insurance Company,
Insurer and Appellee.

No. 22544.

Supreme Court of South Dakota.

Considered on Briefs Feb. 11, 2003.

Decided May 28, 2003.

Brian L. Radke of Radke Law Office, Sioux Falls, South Dakota, Attorneys for claimant and appellant.

Michael S. McKnight and Lisa Hansen Marso of Boyce, Murphy, McDowell & Greenfield, Sioux Falls, South Dakota, Attorneys for employer, insurer and appellees.

VON WALD, Circuit Judge.

[¶ 1.] Kelly Clausen appeals a circuit court order affirming a decision by the South Dakota Department of Labor denying his claim for workers' compensation benefits. We affirm.

## FACTS AND PROCEDURAL HISTORY

[¶ 2.] In January 1994, Clausen suffered the first in a series of work-related injuries to his back. Clausen was working for Northern Plains Recycling and he filed a claim with Northern's insurer, Fireman's Fund Insurance. Clausen received workers' compensation benefits for his injury. In August 1998, while working for Able Construction Company, Clausen suffered a flare-up of his old injury. This time, he filed a workers' compensation claim with Able's insurer, Milwaukee Insurance. Milwaukee paid for Clausen's medical bills resulting from the injury and Clausen received no further benefits.

[¶ 3.] In May 2000, Clausen began work for Gil Haugan Construction Company.[1] Gil Haugan is insured by Regent Insurance Company. On August 8, 2000, Clausen experienced some discomfort in his back while shoveling concrete shards on a job site. He told co-employee Dave Beckman that he was experiencing a sore back. The next morning, Clausen did not show up for work. Clausen claimed that he attempted to call his supervisor, Jim Sammons, on Jim's cell phone sometime before 8:00 a.m. that morning. He also claimed that, after telling Sammons of the pain in his back, he was cut-off before Sammons could respond. Clausen did not try to call Sammons back and Sammons had no recollection of receiving a phone call from Clausen on that occasion.[2]

[¶ 4.] Clausen testified that, on August 10, he called Gil Haugan's office and spoke to Chris Biren, an engineer with no supervisory capacity. Clausen further testified that he told Biren that his back was still painful and that he would not be coming to work that day. Biren has no recollection of the conversation. Clausen also claimed that he called Gil Haugan on August 14 and spoke to the bookkeeper, Sue Peterson, telling her that he had a flare-up of his back condition. Peterson did not remember speaking to Clausen on that occasion.[3]

[¶ 5.] On August 16, 2000, Clausen called Sammons, told him about his back

---

1. The record indicates Clausen has worked for ten different employers in thirteen years.

2. Sammons brought his cellular phone records to Department's hearing on this issue. The records indicated that no call was received by Sammons' cell phone before 10:45 a.m. that morning.

3. Peterson did concede that she spoke to Clausen on August 23 and that she told Clausen to fill out a first report of injury form with regard to the incident of August 8, 2000.

and that it was possible that it had been injured while he was on the job. Gil Haugan contended that this was the first point at which it had any notice of the injury. Clausen then began to get treatment for his back and eventually brought a claim for workers' compensation benefits against Gil Haugan and it's insurer, Regent.[4]

[¶ 6.] At the administrative hearing, Department found that Clausen failed to show that Gil Haugan or any of its representatives had notice of his injury within the three business-day period required under SDCL 62–7–10. Department also ruled that Clausen failed to demonstrate good cause for his failure to timely notify any Gil Haugan representative of this injury. The case was then appealed to the circuit court which affirmed Department's decision. Clausen now appeals to this Court.

### ISSUES

Whether Department erred when it ruled that Gil Haugan did not have actual notice of the work-related nature of the injury as required by SDCL 62–7–10.

Whether Department erred when it ruled that Clausen failed to establish good cause for his failure to notify Gil Haugan of his injury under SDCL 62–7–10(2).

We hold that there was no error.

### STANDARD OF REVIEW

[¶ 7.] This Court reviews administrative decisions in the same manner as the circuit court. *Schuck v. John Morrell & Co.*, 529 N.W.2d 894, 896 (S.D.1995). Factual findings are reviewed under the clearly erroneous standard. *Beckman v.*

*John Morrell & Co.*, 462 N.W.2d 505, 507 (S.D.1990). Using this standard, we do not search the record to reverse. *See Zoss v. United Bldg. Centers, Inc.*, 1997 SD 93, ¶ 6, 566 N.W.2d 840, 843. Unless we are left with a definite and firm conviction that a mistake has been made, we will uphold Department's factual determination. *Lien v. Miracle Span Corp.*, 456 N.W.2d 563, 565 (S.D.1990).

Department's conclusions of law are reviewed *de novo*. *Sudrla v. Commercial Asphalt & Materials*, 465 N.W.2d 620, 622 (S.D.1991). Mixed questions of law and fact are also fully reviewable. *Fiegen v. North Star, Ltd.*, 467 N.W.2d 748, 750 (S.D.1991).... Claimant still retains the burden of proving all facts essential to compensation. *Day v. John Morrell & Co.*, ·490 N.W.2d 720, 724 (S.D.1992).

*Miller v. Lake Area Hosp.*, 1996 SD 89, ¶ 9, 551 N.W.2d 817, 819.

### ANALYSIS AND DECISION

[¶ 8.] Clausen had the burden of proving that he provided timely notice of his injury or that Gil Haugan had actual knowledge of the injury. SDCL 62–7–10; *Miller*, 1996 SD 89 at ¶ 11, 551 N.W.2d at 819; *Schuck*, 529 N.W.2d at 898. Not only was Clausen required to prove that Gil Haugan had notice of the injury, he was also required to prove that Gil Haugan was on notice of the work-related nature of the injury. *Tieszen v. John Morrell & Co.*, 528 N.W.2d 401, 404 (S.D.1995); *Streyle v. Steiner Corp.*, 345 N.W.2d 865, 866 (S.D. 1984). "'[N]otice to the employer of an injury is a condition precedent to compensation.'" *Vaughn v. John Morrell & Co.*, 2000 SD 31, ¶ 16, 606 N.W.2d 919, 923 (citing *Loewen v. Hyman Freightways,*

**4.** It is important to note that this case only involves Gil Haugan and Regent in regard to the notice issue to be discussed. The decision in this appeal has no effect on the rights or claims of any other party to this lawsuit. We make no assumption as to the validity or invalidity as to the claims against any other party.

*Inc.*, 1997 SD 2, ¶ 8, 557 N.W.2d 764, 766). "The intention of the Workmen's Compensation Act is that an employer be fairly appraised of an injury so that there may be an opportunity to investigate its cause and nature." *Schuck*, 529 N.W.2d at 897.

[¶ 9.] SDCL 62–7–10 requires a claimant to provide written notice of an injury within three business days of the injury.[5] According to the statute, that notice must be given directly to the employer or one of employer's representatives. SDCL 62–7–10(1). It is undisputed that Clausen began to experience pain in his back sometime during the afternoon of August 8, 2000. However, he did not tell his supervisor, Jim Sammons, about the pain at that time.

[¶ 10.] Clausen claimed that he called Sammons' cellular phone before 8:00 a.m. on the morning of August 9, but Sammons had no recollection of the call. Also, Sammons' cellular phone records showed no incoming call before a quarter to eleven that morning. Clausen insisted that he also called Gil Haugan's business office and spoke to Chris Biren, one of Gil Haugan's engineers. However, Biren also had no recollection of any call made by Clausen. It was Gil Haugan's contention that it did not have any notice of the injury or its work-related nature until an August 16 call from Clausen to Sammons. Department found Biren and Sammons' testimony credible and we are in no position to substitute our judgment for that of Department.

[¶ 11.] *Miller, supra*, provides insight as to what is considered proper notice under SDCL 62–7–10. *Miller* involved a hospital worker who filed a workers' compensation claim due to chronic elbow pain aggravated by work. *Miller*, 1996 SD 89 at ¶ 5, 551 N.W.2d at 818–819. Claimant was told by her physical therapist that the tendonitis was aggravated by work and, eventually, surgery was performed in February 1992. However, claimant did not file a claim for workers' compensation benefits until September of that year. The issue was whether or not claimant gave timely notice of her elbow injury to her employer, Lake Area. Relying heavily on prior precedent, this Court observed that " '[t]he fact that [Claimant] suffered from pain and other symptoms is not the determinative factor and will not support a determination that [Claimant] had knowledge of the existence or extent of [her] injury" with regard to the good cause issue. *Miller*, 1996 SD 89 at ¶ 12, 551 N.W.2d at 820 (quoting *Bearshield v. City of Gregory*, 278 N.W.2d 164, 166 (S.D.1979)).

[¶ 12.] In *Miller*, considerable reliance was placed on the following facts: claimant was told by her physical therapist some four years earlier that the pain in her elbow was work-related; claimant received prior treatment for her injuries; and, claimant testified five years earlier that she sought medical treatment for her elbow because it was aggravated at work.

---

**5.** SDCL 62–7–10 reads:

An employee who claims compensation for an injury shall immediately, or as soon thereafter as practical, notify the employer of the occurrence of the injury. Written notice of the injury shall be provided to the employer no later than three business days after its occurrence. The notice need not be in any particular form but must advise the employer of when, where, and how the injury occurred. Failure to give notice as required by the section prohibits a claim for compensation under this title unless the employee or the employee's representative can show:

(1) The employer or the employer's representative had actual knowledge of the injury; or

(2) The employer was given written notice after the date of the injury and the employee had good cause for failing to give written notice within the three business-day period, which determination shall be liberally construed in favor of the employee.

This Court upheld Department's findings and held that claimant should have given Lake Area notice in 1987 of the work-related nature of her injuries. Since she did not do so, this Court held that she was precluded from recovering any workers' compensation benefits.

[¶ 13.] This Court also adopted a reasonable person test in *Miller* for determining when a person should know that their injury requires attention and that the notice time limit has commenced running. The proper test is:

> "The time period for notice or claim does not begin to run until the claimant, as a reasonable person, should recognize the nature, seriousness and probable compensable character of [the] injury or disease." 2B Arthur Larson, Larson's Workmen's Compensation Law, § 78.41(a) at 15–185–86 (1995). This reasonable person test does not place an affirmative duty on Claimant to continue seeking medical advice where further treatment is not warranted and there is no suggestion that the condition may have a work-related component.

*Miller*, 1996 SD 89 at ¶ 14, 551 N.W.2d at 820.

[¶ 14.] Clausen is a knowledgeable man. There is evidence in the record that he obtained his GED and spent some time in the military. He also submitted workers' compensation claims in the past. On two separate occasions, working for two separate entities, he submitted claims for injuries to his back. His wife testified under oath that when he got home on the night of August 8 he told her that he had hurt his back at work. Also, he testified under oath that he felt a sharp pain in his back while he was shoveling the cement shards that afternoon at work. As a reasonable person, he should have recognized the serious and compensable nature of his injury on August 8.

[¶ 15.] In its decision in *Vaughn, supra*, this Court had yet another chance to look at the notice issue. *Vaughn* involved a John Morrell worker with limited verbal and math skills who believed that her plantar fasciitis was caused by her standing at work for prolonged periods of time. *Vaughn*, 2000 SD 31, ¶ 3, 606 N.W.2d at 921. She sought treatment for her work-related foot injury as early as 1993, but did not notify her employer until November 1994. *Id.* at ¶ 6. She did not file for workers' compensation benefits until she signed a first report of injury form in July 1995. *Id.* at ¶ 8, 606 N.W.2d at 922. This Court added to the reasonable person test when it stated: "Whether the claimant's conduct is reasonable is determined 'in the light of [her] own education and intelligence, not in the light of the standard of some hypothetical reasonable person of the kind familiar to tort law.'" *Id.* at ¶ 13 (quoting *Loewen*, 1997 SD 2 at ¶ 15, 557 N.W.2d at 768).

[¶ 16.] As noted earlier and in contrast with the claimant in *Vaughn*, Clausen is a knowledgeable person with experience filing workers' compensation claims. The record indicates that he suffered a work-related injury to his back in 1994 and again in 1998. His 1998 injury was referred to as a flare-up that resulted in no new disability or impairment.

[¶ 17.] At the hearing before Department, Clausen testified that he began to experience sharp pain in his back after he got home from work and showered. However, in his answers to interrogatories and in his earlier deposition he claimed that he felt a sharp pain while he was shoveling the concrete shards. His testimony, corroborated by testimony from his wife that he told her right after work on August 8 that he hurt his back at work, was binding on him.

[¶ 18.] A claimant cannot "assert a better version of the facts than his prior testimony and 'cannot now claim a material issue of fact which assumes a conclusion contrary to [his] own testimony.' " *Loewen,* 1997 SD 2 at ¶ 16, 557 N.W.2d at 768 (quoting *Petersen v. Dacy,* 1996 SD 72, ¶ 16, 550 N.W.2d 91, 95). In light of Clausen's intelligence and experience, he should have recognized the seriousness and compensability of his injury on August 8. His failure to do so and to give timely notice thereafter is contrary to the law on this issue.

[¶ 19.] "SDCL 62–7–10 requires the written notification to include allegations of 'when, where, and how the injury occurred.' " *Vaughn,* 2000 SD 31 at ¶ 23, 606 N.W.2d at 924. "To provide otherwise would be to burden employers with the responsibility of investigating every single injury their employees sustain, whether work-related or not." *Id.*

◼ [¶ 20.] Clausen argued that Gil Haugan was notified as to the work-related nature of his injury when he told a co-worker that he had a sore back.[6] In the alternative, he argued that Gil Haugan should have had adequate notification when he placed a call to his supervisor the next day or to the office on the day after. Department did not agree.[7]

[¶ 21.] "It is true that '[w]orkers' compensation statutes are liberally construed in favor of injured employees.' " *Vaughn,* 2000 SD 31 at ¶ 33, 606 N.W.2d at 925 (quoting *Welch v. Automotive Co.,* 528 N.W.2d 406, 409 (S.D.1995)). It is also true that SDCL 62–7–10 requires that "good cause for failing to give written notice within the three business-day period . . . shall be liberally construed in favor of the employee." Nonetheless, the employee did not carry his burden of proof in this particular case. Clausen's argument that his doctors did not know if the August 8 incident was a new injury did not constitute good cause for failing to give timely notice because that position is inconsistent with Clausen's own prior testimony to which he was bound. He " 'cannot now claim a material issue of fact which assumes a conclusion contrary to [his] own testimony.' " *Loewen,* 1997 SD 2 at ¶ 16, 557 N.W.2d at 768 (quoting *Petersen,* 1996 SD 72 at ¶ 16, 550 N.W.2d at 95).

[¶ 22.] For the reasons stated above, we hold that Department did not err in determining that Gil Haugan did not receive actual notice of the work-related injury until August 16, 2000. This was clearly outside the three business-day maximum dictated by SDCL 62–7–10. Furthermore, we hold that Department did not err in determining that Clausen failed to show evidence of good cause for failing to give notice within the three-day period.

[¶ 23.] Clausen had the burden of proving all facts essential to compensation. We agree with Department's ruling that Clausen failed to prove these facts and the

---

6. One of Clausen's claims was that Gil Haugan was on notice of the injury when he told Dave Beckman that he was experiencing pain in his back on August 8, 2000. Department found that Beckman was not a foreman or representative of Gil Haugan and that Clausen had no good faith reason for believing that Beckman was a foreman or supervisor. The evidence shows this to be true and we agree with Department.

7. Department did not find that either of these calls occurred. Both Biren and Sammons had no recollection of the calls and Sammons' telephone records showed no incoming calls to his cell phone at the time Clausen claimed he called. Department found Clausen not to be credible.

evidence in the record supports Department's findings.

[¶ 24.]   Affirmed.

[¶ 25.]   GILBERTSON, Chief Justice, and KONENKAMP, ZINTER and MEIERHENRY, Justices, concur.

[¶ 26.]   VON WALD, Circuit Judge, for SABERS, Justice, disqualified.